T.C. Memo. 2004-238

UNITED STATES TAX COURT

HECTOR CASTILLO AND MOONEEM CASTILLO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2557-03L.                    Filed October 14, 2004.

Ps filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R to
proceed with collection by levy of assessed income tax
liabilities plus penalties and interest for 1992, 1993,
1994, 1996, 1997, 1998, and 1999.

<u>Held</u>:  R's rejection of an installment agreement
proposed by Ps did not constitute an abuse of
discretion, and R's determination that Ps could pay
$5,243 per month was reasonable.

<u>Held</u>, <u>further</u>, R may proceed with collection of
balances due as determined in a "NOTICE OF
DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER
SECTION 6320 and/or 6330".

<u>Frank Agostino</u> and <u>Julia F. Moore</u>, for petitioners.

<u>Joseph J. Boylan</u>, for respondent.

MEMORANDUM OPINION

NIMS, Judge:  This case arises from a petition for judicial review filed in response to a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" (Notice). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The parties do not challenge the Court's jurisdiction over this case.  Petitioners do not dispute their liability for underlying taxes, interest, and penalties.  The sole issue for decision is whether respondent's rejection of petitioners' proposed installment agreement constitutes an abuse of discretion.

## Background

The parties submitted this case without trial pursuant to Rule 122.  The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed in this case, petitioners resided in Oakland, New Jersey.

Petitioner Hector Castillo is a physician with investments in real estate and other business ventures.  Petitioner Mooneem Castillo is not employed outside the home.  Petitioners filed joint Forms 1040, U.S. Individual Income Tax Returns, for the

taxable years 1992, 1993, 1994, 1996, 1997, 1998, and 1999. As of April 22, 2002, petitioners' total unpaid income tax liability, including penalties and interest, for the foregoing taxable years was $605,330.

On April 22, 2002, respondent issued to petitioners a letter entitled "FINAL NOTICE--NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING" relating to petitioners' unpaid income tax liabilities plus penalties and interest for the aforementioned years. Thereafter, on April 26, 2002, petitioners sent Form 12153, Request for a Collection Due Process Hearing, to respondent's Appeals Office. Petitioners disagreed with respondent's decision to levy and indicated they were unable to pay the assessments in full at that time. Petitioners also assured the Appeals Office that they would use the proceeds from the sale of two listed real estate properties to pay respondent in the future.

Petitioners later submitted personal financial information that reflected $343,842 in liquid assets and $811,408 equity in real estate.

Petitioners' counsel contacted the respondent's Appeals Office and requested a $1,500 monthly installment agreement under section 6159. Petitioners also offered to pay the balance of the liability when they managed to sell some of their properties. After reviewing petitioners' financial information, respondent

determined that petitioners had the ability to pay $5,243 per month and could fully pay or provide a significant partial payment through the liquidation of their assets.

Section 6502(a)(1) provides a 10-year period of limitations on collection after assessment of tax, but section 6502(a)(2)(A) also provides that respondent may extend the collection period in connection with granting installment agreements. Respondent's policy limits Collection Statute Expiration Date (CSED) extensions to 5 years beyond the original CSED for each tax account. 2 Administration, Internal Revenue Manual (CCH), sec. 5.14.2.1, at 17,523. Thus, the Appeals officer correctly advised petitioners that a $1,500 monthly installment agreement would not satisfy petitioners' $605,330 liability within the original CSED plus 5 years for each tax account.

Respondent rejected the proposed $1,500 monthly installment agreement in the aforementioned Notice. The Appeals officer based his decision on the period of limitations and respondent's Internal Revenue Manual which provides:

> If taxpayers have the ability to fully or partially satisfy * * * [their] accounts by:
>
> - using cash;
>
> - withdrawing cash from bank or other accounts;
>
> - borrowing on equity in real or personal property; or,
>
> - selling real or personal property, then:

　　　　a.　request full or partial payment * * * .

　　　　　　*　　*　　*　　*　　*　　*　　*

　　　　c.　installment agreements will be
　　　　　　recommended for rejection if there is
　　　　　　sufficient equity or cash available to:

　　　　•　fully pay the taxes, and full payment is not
　　　　　received by a set date.  [2 Administration,
　　　　　Internal Revenue Manual, sec. 5.14.1.4(6),
　　　　　at 17,508.]

Subsequent to the administrative hearing, petitioners made a $100,000 payment to respondent and listed more properties for sale with a real estate broker.  Petitioners contend that these factors demonstrate their willingness to pay the tax liability and respondent's rejection of the installment agreement was an abuse of discretion.

## Discussion

## I.  Standard of Review

Because the underlying tax liability is not in dispute, we review the Appeals officer's actions under an abuse of discretion standard.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Under the abuse of discretion standard, a determination will be affirmed unless the respondent took action that was arbitrary or capricious, lacks sound basis in law, or is not justifiable in light of the facts and circumstances.  Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

II.  The Administrative Hearing

Before a levy may be made on any property or right to property, a taxpayer is entitled to notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the IRS Appeals Office.  Secs. 6330(a) and (b), 6331(d).  Taxpayers may raise challenges to "the appropriateness of collection actions" and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise".  Sec. 6330(c)(2)(A).  The Appeals officer must consider those issues, verify that the requirements of applicable law and administrative procedures have been met, and must consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person [involved] that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3)(C).

Here, petitioners stipulate that all administrative procedures have been met so the sole issue for our consideration is whether respondent's rejection of petitioners' collection alternative was an abuse of discretion.

III.  The Proposed Installment Agreement

The rejection of the proposed $1,500 monthly installment agreement and determination that petitioners can pay $5,243 per month was not arbitrary in light of petitioners' financial

situation.  Respondent's calculation was based on a financial analysis of petitioners' monthly net income generated by Dr. Castillo's medical practice and real estate investments.

Respondent has the discretion to accept or reject an installment agreement proposed by a taxpayer under section 6159. Sec. 301.6159-1(b)(1)(i), Proced. & Admin. Regs.  Section 6159 requires respondent to enter into installment agreements in certain circumstances not applicable to the facts before us.  See sec. 6159(c).  Respondent's rejection of the proposed installment agreement on the grounds that it would not satisfy petitioners' liability within the period of limitations on collection after assessment contained in section 6502, plus allowable extensions, is not an abuse of discretion.  See McCorkle v. Commissioner, T.C. Memo. 2003-34.

IV.  Section 6330(c)(3)(C) Balancing Test

Petitioners argue that respondent failed to balance the Government's need for the efficient collection of taxes with the concern of the "person", i.e., petitioners in this case, that any collection action be no more intrusive than necessary. Petitioners also assert that respondent's reliance on 2 Administration, Internal Revenue Manual, sec. 5.14.1.4(6), at 17,508, was a violation of section 6330(c)(3)(C).  We are unpersuaded by these arguments.

Petitioners claim they cannot fully pay the liability, but the financial information submitted to the Appeals officer shows assets and equity exceeding $1.15 million. The liabilities date back to April 15, 1993, and petitioners have had a number of years to liquidate part or all of their assets or borrow against their equity. It is not an abuse of discretion for respondent to require that taxpayers with sufficient assets to satisfy their liabilities pay them off more rapidly than would be accomplished by the proposed installment agreement. See Clawson v. Commissioner, T.C. Memo. 2004-106.

Petitioners claim that they are entitled to an installment agreement so that they can sell their properties in an "orderly fashion", but the Appeals officer was not given any assurances that the sales would occur within a reasonable period of time, and in light of petitioners' apparent indifference to their past income tax liabilities in this case, the action of the Appeals officer is fully justified. Moreover, petitioners' $100,000 payment subsequent to the Appeals hearing does not change our holding, even if indeed it is relevant to our consideration of this case. See Robinette v. Commissioner, 123 T.C. 85 (2004). In any event, the $100,000 payment leaves a balance of at least $500,000, a sum too large to be discharged within the collection period by monthly installments of $1,500.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

We hold that respondent correctly determined that collection efforts should proceed.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.