T.C. Memo. 2012-234

UNITED STATES TAX COURT

EDWARD E. CURRAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 967-11L.                    Filed August 13, 2012.

George J. Smith, for petitioner.

Cindy Shin Young Park, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This matter is before the Court on respondent's motion for

summary judgment (motion) pursuant to Rule 121.[1]  Respondent contends that no

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code as amended.

[*2] genuine issue exists as to any material fact and that the determination to collect petitioner's income tax liability by levy should be upheld. Petitioner has not responded to the motion, despite an order from this Court instructing him to do so.[2]

Background

At the time the petition was filed, petitioner resided in New Jersey.

Petitioner filed a Federal income tax return for 2008 but failed to pay the liability reported on the return. As a result, respondent assessed the tax shown on the return.

Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated March 22, 2010, advising him that respondent intended to levy to collect the unpaid tax liability, interest, and penalty and that he could request a hearing with respondent's Office of Appeals. Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he did not contest the underlying liability but instead requested an installment agreement. By letter dated August 2, 2010,

---

[2]On December 7, 2011, the Court ordered petitioner to file a response on or before December 29, 2011. No response was filed by petitioner. By order dated January 11, 2012, the Court extended the time for filing petitioner's response until February 1, 2012. Petitioner did not file a response.

[*3] respondent's settlement officer acknowledged receipt of petitioner's collection due process (CDP) hearing request and scheduled a telephone conference. In the letter the settlement officer requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 433-B, Collection Information Statement for Businesses, so that she could make a decision regarding petitioner's request for an installment agreement.

During the telephone conference on November 1, 2010, George J. Smith, petitioner's representative, requested petitioner's account be placed in currently not collectible (CNC) status because petitioner could not pay the debt at that time. Additionally, petitioner's representative claimed that petitioner had sold a property at a loss in 2010. Petitioner's representative stated that petitioner intended to carry back the loss to 2008 and that the carryback would reduce the 2008 tax liability to zero.

On November 16, 2010, the settlement officer informed petitioner's representative that her review of Forms 433-A and B indicated that petitioner owned property that could be sold to pay off his tax liability. The settlement officer told petitioner's representative that she could offer a 120-day extension for petitioner to submit the loss carryback paperwork to resolve the 2008 tax liability.

**[\*4]** The settlement officer informed petitioner's representative that she would issue a notice of determination if she did not hear back from him by November 19, 2010. Petitioner's representative did not contact the settlement officer after the November 16, 2010, telephone conference.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated December 10, 2010, sustaining the levy action. On January 11, 2011, petitioner timely filed a petition with this Court, stating generally that he disagreed with the proposed collection action because it would create an economic hardship and that he did not currently have the ability to pay the liability or enter into an installment payment agreement. The Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, attached to respondent's motion shows that an abatement of $176,943 was posted to petitioner's account on May 16, 2011, resulting from a tentative carryback claim. Despite the abatement, petitioner still had an outstanding balance due of $58,895.88 as of December 1, 2011.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other

**[\*5]** materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law.  Rule 121(a); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at \*6, aff'd, 287 Fed. Appx. 169 (3d Cir. 2008).  The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law.  FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001).  In all cases, the evidence is viewed in the light most favorable to the nonmoving party.  Bond v. Commissioner, 100 T.C. 32, 36 (1993).  However, the nonmoving party is required "to go beyond the pleadings and by \* \* \* [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).  Petitioner failed to respond to the motion and has failed to demonstrate that there is a genuine

**[\*6]** dispute for trial.[3]  Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person (Appeals hearing).  If a taxpayer requests an Appeals hearing, he may raise at that hearing any relevant issue relating to the unpaid tax or proposed levy. Sec. 6330(c)(2).  Relevant issues include possible alternative means of collection such as an installment agreement.  Sec. 6330(c)(2)(A)(iii).

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Petitioner has the burden of proof regarding his underlying liability.  See Rule 142(a).  A taxpayer is precluded from

[3]By failing to respond to the assertions in the motion, petitioner has waived his right to contest them.  See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001); Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at \*6.

**[\*7]** disputing the underlying liability if it was not properly raised in the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007). Petitioner did not raise his underlying tax liability in his request for a CDP hearing. In his petition he made no specific allegations or arguments regarding the correctness of the underlying tax liability, and he failed to file any response to respondent's motion for summary judgment. Consequently, petitioner's underlying tax liability is not properly before the Court.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Sec. 6330(c)(3); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the settlement officer properly based her determination on the factors required by section 6330(c)(3).

**[\*8]** In the CDP hearing request petitioner requested an installment agreement as an alternative means of collection. In the Appeals hearing, petitioner's representative requested that petitioner's liability be placed in CNC status. Respondent contends that the settlement officer did not abuse her discretion by denying petitioner's requests for an installment agreement and to place his tax liability in CNC status because petitioner had sufficient assets to pay his tax liability.

Petitioner's Forms 433-A and B show he had sufficient assets to pay off his tax liability. Generally, it is not an abuse of discretion for the settlement officer to deny a taxpayer's requests for an installment agreement or for the liability to be placed in CNC status when the taxpayer has sufficient assets to pay his tax liability. See Foley v. Commissioner, T.C. Memo. 2007-242, 2007 Tax Ct. Memo LEXIS 245, at \*4-6; Castillo v. Commissioner, T.C. Memo. 2004-238, 2004 Tax Ct. Memo LEXIS 247, at \*8; see also Internal Revenue Manual pt. 5.14.1.4(5) (June 1, 2010) ("Taxpayers do not qualify for installment agreements if balance due accounts can be fully or partially satisfied by liquidating assets".). Therefore, we find that the settlement officer did not abuse her discretion in denying

[*9] petitioner's requests for an installment agreement and to place the liability in CNC status.[4]

In the petition, petitioner argues that sustaining the levy would create an economic hardship for him. Petitioner has not demonstrated that the levy would create an unwarranted economic hardship that would be sufficient to find that the settlement officer abused her discretion.

We hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion, and the proposed collection action is sustained.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent</u>.

---

[4]Indeed petitioner seems to have abandoned the installment agreement argument. In his petition, petitioner states: "The taxpayer does not currently have the ability to enter in to an installment payment arrangement."