**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2015-50

UNITED STATES TAX COURT

MICHAEL A. WILLS AND ANITA F. WILLS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4443-14S L.            Filed August 24, 2015.

<u>John P. O'Connell</u>, for petitioners.

<u>Anna A. Long</u>, for respondent.

SUMMARY OPINION

KERRIGAN, <u>Judge</u>: This case was heard pursuant to section 7463 of the

Internal Revenue Code in effect when the petition was filed. Pursuant to section

7463(b), the decision to be entered is not reviewable by any other court, and this

opinion shall not be treated as precedent for any other case. Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

This case was commenced in response to a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) upholding a proposed levy regarding petitioners' unpaid tax liabilities for tax years 2010 and 2011.

The sole issue for consideration is whether respondent's determination to proceed with the proposed levy was proper.

## Background

This case was fully stipulated under Rule 122.[1] The stipulated facts are incorporated in our findings by this reference. Petitioners resided in California when they filed their petition. Petitioners did not dispute the underlying tax liabilities for tax years 2010 and 2011.

On March 11, 2013, respondent prepared a joint substitute for return on petitioners' behalf for 2010. On March 24, 2013, respondent received petitioners' 2010 joint Federal income tax return, which respondent processed as petitioners'

---

[1]Petitioners did not comply with the Court's January 27, 2015, order requiring the parties to submit simultaneous opening briefs by March 12, 2015.

2010 amended tax return.  Petitioners' 2010 amended tax return reported that they owed tax for 2010, but they did not submit full payment with the tax return.

Also on March 24, 2013, respondent received petitioners' 2011 joint Federal income tax return.  Petitioners' 2011 tax return reported that they owed tax for 2011, but they did not submit full payment with the tax return.  Petitioners have not yet fully paid their 2010 and 2011 tax liabilities.

On August 19, 2013, respondent mailed petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to their 2010 and 2011 unpaid tax liabilities.[2]  Petitioners filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a collection due process (CDP) hearing for tax years 2010 and 2011 in response to the levy notice.[3]  On the Form 12153 petitioners requested an installment agreement and did not dispute the underlying liabilities.

---

[2]On August 19, 2013, respondent also mailed petitioners levy notices with respect to their unpaid tax liabilities for 2005, 2006, and 2007.

[3]Petitioners' Form 12153 also requested a CDP hearing for tax years 2005-09.  However, petitioners were not entitled to a CDP hearing for those years because (1) they had already had a CDP hearing with respect to a proposed levy for tax years 2005-07 and (2) they had not yet received collection notices for tax years 2008-09 when they sent the Form 12153.

On November 27, 2013, a settlement officer mailed petitioners and their representative a letter scheduling a telephone conference for January 14, 2014.

On December 30, 2013, petitioners' representative sent the settlement officer a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

On January 23, 2014, the settlement officer and petitioners' representative held a telephone CDP hearing. Petitioners' representative provided additional information and documents to the settlement officer.

On January 28, 2014, the settlement officer mailed petitioners' representative a letter and attachments describing her conclusions concerning petitioners' ability to pay. On the basis of the documents petitioners provided to the settlement officer, she concluded that petitioners could afford monthly payments of $1,167. The settlement officer gave petitioners until February 4, 2014, to either accept the installment agreement or provide additional documents for her consideration. Petitioners did not respond to the settlement officer's letter. The settlement officer verified that all legal and procedural requirements were met.

On February 24, 2014, respondent issued petitioners the notice of determination upholding a proposed levy regarding their unpaid tax liabilities for

tax years 2010 and 2011. The notice of determination includes a table which details how the settlement officer determined that petitioners could afford to pay $1,167 per month. The table includes an allowance for out-of-pocket medical costs.

On March 4, 2014, petitioners timely filed the petition raising issues concerning their health problems and suggesting that medical costs may affect their ability to pay their tax liabilities.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify him or her of the Secretary's intention to make the levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

If the taxpayer requests a CDP hearing, the hearing is conducted by the Internal Revenue Service (IRS) Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). Once the settlement officer makes a determination, the

taxpayer may appeal the determination to this Court. Sec. 6330(d)(1). The Court has jurisdiction to review the Commissioner's administrative determinations. Id.

Petitioners do not dispute their underlying liabilities for tax years 2010 and 2011. Where the validity of the underlying tax liability is not properly at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). We consider whether the determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166.

Following a CDP hearing the settlement officer must determine whether to sustain the proposed levy action. In making that determination, section 6330(c)(3) requires the settlement officer to consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed levy action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7; see also sec. 6320(c).

We note that the settlement officer properly based her determination on the required factors. The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioners raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioners that the collection action be no more intrusive than necessary.

Section 6159 authorizes the Commissioner to enter into installment agreements with taxpayers to satisfy their liabilities if the Commissioner determines that such agreements will facilitate the collection of the liabilities. The Internal Revenue Manual (IRM) and sections 301.6159-1, 301.6320-1, and 301.6330-1, Proced. & Admin. Regs., establish the IRS procedures for determining whether an installment agreement will facilitate the collection of a liability. See Etkin v. Commissioner, T.C. Memo. 2005-245. According to the IRM a taxpayer's ability to pay is determined by comparing monthly income to allowable expenses. A settlement officer may accept, at a minimum, a monthly payment equal to the excess of a taxpayer's monthly income over the taxpayer's allowable expenses. See Lites v. Commissioner, T.C. Memo. 2005-206; see also

IRM pt. 5.14.1.4 (June 1, 2010) (discussing other installment agreement acceptance factors considered).

Generally, it is not an abuse of discretion to deny a taxpayer's request for a delay in collection where the taxpayer has sufficient assets to pay the liability. See Curran v. Commissioner, T.C. Memo. 2012-234; Foley v. Commissioner, T.C. Memo. 2007-242. The settlement officer determined that petitioners could afford to pay $1,167 per month according to the documents they provided to her. Petitioners did not respond to the settlement officer's proposed $1,167-per-month installment agreement, nor did they contend that the settlement officer's calculation was erroneous. Petitioners did not provide any evidence to show that their out-of-pocket medical expenses exceeded the amount allowed by the settlement officer in her calculation. A settlement officer can make a determination only on the basis of the facts presented to him or her. See Magana v. Commissioner, 118 T.C. 488, 493 (2002). The settlement officer did not abuse her discretion in sustaining the proposed levy, and we sustain respondent's determination.

Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.