T.C. Memo. 2007-298

UNITED STATES TAX COURT

JAMES KERR SCHLOSSER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23356-06L.          Filed October 1, 2007.

James Kerr Schlosser, pro se.

<u>Kristina L. Rico</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This case is before the Court on respondent's
motion for summary judgment and to impose a penalty under section
6673.[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

## Background

Respondent sent to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing and a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with respect to unpaid tax that had previously been assessed for the 1994 tax year. Petitioner timely requested a hearing with respect to each notice.

In a letter dated August 17, 2006, acknowledging petitioner's hearing requests, respondent's Appeals officer advised petitioner that a telephonic hearing was scheduled for September 21, 2006, at 12:30 p.m. The letter advised petitioner that the issues raised in his hearing requests are those that courts have determined are frivolous. However, the Appeals officer advised petitioner that he would be allowed a face-to-face hearing on any relevant, nonfrivolous issue, or a hearing via correspondence, if petitioner appropriately requested such a hearing within 14 days. The letter also advised petitioner that if he desired to pursue alternative collection methods, he should provide a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and a signed tax return for the 2005 tax period. Petitioner did not call respondent at the scheduled time for the hearing, nor did he indicate in a timely fashion that such date and/or time was inconvenient.

On October 13, 2006, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy and lien filing. Petitioner timely filed a petition with this Court to dispute the notice of determination relying on the following alleged facts:

a) The Federal Income Tax system for **_individual tax purposes_** is based upon a self-assessed system and is 100%voluntary [sic].

b) After self-assessment, the Petitioner had found that he had no federal tax liability for the calendar year 1994.

c) The Petitioner did file a Statement in lieu of a Federal Income Tax Form 1040.

d) The Petitioner is not required by Law to file a Tax Form 1040.

e) The Petitioner is an Inhabitant of Pennsylvania state/commonwealth, a Republic, one of the Fifty States of the Union, also known as, the united states of America.

f) The Petitioner is not self-employed or gainfully employed for that matter.

g) The Petitioner is not an agent, servant, officer, director, or employee of the government, nor is he subject to the Public Salary Tax Act of 1939.

h) The Petitioner is not required by Law to file any tax forms, as he has no income form [sic] '**_any source derived therefrom_**' by legal definition indicated in the Code.

i) The Petitioner is not in the military.

j) The Petitioner is not subject to the jurisdiction of the United States a foreign corporation to the Fifty States of the Union, as evidenced in 28

U.S.C.A. §§3002(2) and (15)(**A**) and the **Clearfield Doctrine**.

*The Clearfield Doctrine*.  Wherein the United States Supreme Court held:

"Governments descend to the level of a mere private corporation, and take on the characteristics of a mere private citizen.... Where private corporate commercial paper [Federal Reserve Bank Notes*, from a private Banking Corporation, known as the Fed] and securities [checks] is concerned....for purposes of suit, such corporations are regarded as entities entirely separate from government." *Clearfield*, supra. (Emphasis added).

*Federal Reserve Bank Notes are '*obligations of the United States*' (a foreign corporation to the Fifty States of the Union), see 18 U.S.C.A. §8.  These Federal Reserve Bank Notes are not money, they merely circulate as a medium of exchange, they are deemed fiat money or flat money, 'worthless pieces of paper', as indicated in H.J.R. 192, June 5, 1933, this statement was made by Congressman McFadden from the state of Pennsylvania.

In another U.S. Supreme Court case, *United States vs. Burr*, 309 U.S. 242, the Court held:

"When governments enter the world of commerce, they are subject to the same burdens as any private firm or corporation."

k) The Petitioner has at all times acted in good faith in connection with his duties and obligations concerning tax matters.  Therefore, the claim for penalties under the Code referenced above is misplaced.

l) The Petitioner has relied on his interpretation of the Law, the Tax Codes, and United States Supreme Court Decisions to form the basis of his decision making, therefore, there is no deliberate willfulness on his part to evade any tax or fail to file any tax alleged due and owing.

m) The Petitioner denies any claim that the Commissioner asserts that he owes any tax or penalty

for the calendar year ending December 31, 1994, or any year for that matter.

n) The Petitioner has been irreparably harmed and injured in his reputation and good name by these false and erroneously [sic] accusations and his [sic] has incurred out-of-pocket expenses to dispute these claims asserted by the Commissioner.

Respondent has filed a motion for summary judgment in which he alleges that petitioner's position is based on frivolous allegations and arguments. In his motion, respondent also moves that this Court impose a penalty under section 6673 because petitioner has instituted these proceedings primarily for the purpose of delay and petitioner's position is frivolous and groundless. In response to respondent's motion for summary judgment, petitioner relies on the same type of allegations and positions that were contained in his above-quoted petition.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of any material fact, and a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations

or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary first notifies him or her in writing of the right to a hearing before the Appeals Office.[2] At the hearing, a taxpayer may raise any relevant issues including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). Under certain circumstances, the person may also challenge the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B).

In Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001), we stated:

> Our Rules require petitioners to specify the facts upon which they rely for relief under section 6330. A petition filed under section 6330 must contain "Clear and concise lettered statements of the facts on which the petitioner bases each assignment of error". Rule 331(b)(5). * * *

In the petition and the response to respondent's motion for summary judgment, petitioner has advanced nothing but frivolous and meritless arguments with respect to his underlying tax liability for 1994. We shall not painstakingly address petitioner's assertions "with somber reasoning and copious

---

[2] Similar hearing rights are provided to contest the filing of a Federal tax lien under sec. 6320.

citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).

On the basis of our review of the record, we conclude that there is no genuine issue as to a material fact. In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law and sustain respondent's collection actions.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the proceedings have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position is frivolous or groundless. Petitioner's position is frivolous and groundless and has caused this Court to waste limited resources. Accordingly, we hold that petitioner is liable for a $1,000 penalty pursuant to section 6673(a).

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.