

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# Schlosser v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4811

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Schlosser v. Comm IRS" (2008). *2008 Decisions.* Paper 789.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/789

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-4811 & 07-4812
_____

CYNTHIA ANN SCHLOSSER

Appellant in No. 07-4811

v.

COMMISSIONER OF INTERNAL REVENUE

_____

JAMES K. SCHLOSSER

Appellant in No. 07-4812

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
Tax Court Nos. 23355-06 & 23356-06
(Tax Court Judge: Honorable Robert P. Ruwe)
_____

Submitted Under Third Circuit LAR 34.1(a)
July 22, 2008

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Filed: July 25, 2008)

_____

OPINION
_____

PER CURIAM

Cynthia Ann Schlosser and James K. Schlosser appeal the United States Tax Court's decision granting the Commissioner's motion for summary judgment. For the reasons that follow, we will affirm the Tax Court's decision.

The procedural history of this case and the details of Schlossers' claims are well-known to the parties, set forth in the Tax Court's opinion, and need not be discussed at length. Briefly, both parties failed to file income tax returns in 1994 and the Internal Revenue Service ("IRS") sent both parties a notice of intent to levy and notice of right to a collection-due-process ("CDP") hearing. The parties requested a CDP and stated that they were not required to file income tax forms and that they did not have taxable income. The IRS Appeals Office issued a notice of determination to each party upholding the proposed levy actions and the lien filings. Appellants next filed an appeal to the Tax Court challenging the notices of determination. In their petitions, Appellants alleged that they were not required to file federal income tax returns, that they had no income, and that they were not subject to "the jurisdiction of the United States". The Commissioner filed motions for summary judgment which the Tax Court granted. The Tax Court also imposed a penalty of $1000 pursuant to I.R.C. § 6673. Appellants filed separate appeals challenging the Tax Court's decision. The Commissioner filed a motion to consolidate

-2-

the cases which was granted. The Commissioner has also filed a motion requesting that Appellants pay damages and costs pursuant to Fed. R. App. P. 38.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We exercise plenary review over the Tax Court's conclusions of law, and review the Tax Court's factual findings for clear error. See PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000). We review the Tax Court's imposition of a penalty under § 6673 for abuse of discretion. See Sauers v. Comm'r of Internal Revenue, 771 F.2d 64, 65 (3d Cir. 1985).

Appellants argue that the Tax Court erroneously granted summary judgment because there were material facts in dispute. See Dahlstrom v. Comm'r of Internal Revenue 85 T.C. 812, 820-21 (1985) (discussing summary judgment standard). Appellants, in the Tax Court, raised the same baseless arguments raised by previous tax protestors. See e.g., United States v. Sloan, 939 F.2d 499, 500 (7th Cir. 1991); United States v. Collins, 920 F.2d, 619, 629-631 (10th Cir. 1990). Appellants' arguments are patently frivolous and the Tax Court did not err in granting the Commissioner's motion for summary judgment. Furthermore, Appellants were warned numerous times that their continued frivolous arguments could result in the imposition of monetary penalties. Therefore, we discern no abuse of discretion in the Tax Court's imposition of a § 6673 penalty on Appellants.

Accordingly, we will affirm the judgment of the United States Tax Court.

Under Fed. R. App. P. 38 a court of appeals may award damages and costs to an appellee if it determines that an appeal is frivolous. "This court has been reluctant to classify appeals as frivolous," and has reserved award of fees and costs for extreme cases where appeals were without doubt devoid of merit. Hilmon Co. (V.I.) Inc. v. Hyatt Intern., 899 F.2d 250, 253 (3d Cir. 1990). Because the Schlossers' appeals raise arguments that have been repeatedly deemed frivolous, we grant the Government's motion and award costs in the amount of $1,000 against each Appellant.