T.C. Summary Opinion 2012-101

UNITED STATES TAX COURT

MARVIN MORRIS BARTOSOVSKY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4587-12S L.                          Filed October 17, 2012.

Marvin Morris Bartosovsky, pro se.

Kimberly L. Clark, for respondent.

SUMMARY OPINION

GERBER, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

to section 7463(b), the decision to be entered is not reviewable by any other court,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case. This matter is before the Court on respondent's motion for summary judgment under Rule 121. Respondent contends that no genuine issue exists as to any material fact and that the determination to collect petitioner's 2008 income tax liability by levy should be sustained. Petitioner has not responded to the motion, despite an order from this Court instructing him to do so.

## Background

At the time the petition was filed, petitioner resided in Idaho. After petitioner filed his 2008 joint Federal income tax return, respondent on November 1, 2010, mailed to petitioner a statutory notice of deficiency which he received. In that notice respondent had determined that petitioner had a $7,198 income tax deficiency and a $1,440 accuracy-related penalty for 2008. Petitioner failed to file a petition with this Court, and respondent assessed the income tax deficiency and penalty against petitioner.

Although petitioner did not petition this Court, he did send certain documentation to respondent concerning the 2008 income tax deficiency. On the basis of the new information, respondent conducted an audit reconsideration proceeding and concluded that the income tax deficiency should be reduced to $6,336 by abating $862 and that the $1,440 penalty should also be abated.

On September 5, 2011, respondent sent a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, to petitioner. On September 20, 2011, respondent received a Form 12153, Request for a Collection Due Process or Equivalent Hearing, from petitioner. In that request petitioner alleged that the income attributed to him for 2008 was actually the income of his mother and his sister. Also in his Form 12153, petitioner requested a collection due process (CDP) hearing; however, he requested a hearing in regard to a notice of Federal tax lien as opposed to a notice of proposed levy. In response, respondent's service center contacted petitioner and advised him that his request for a hearing with respect to a notice of lien was premature and explained that respondent was contemplating a levy and not a lien filing. However, the service center employee advised petitioner that respondent would consider his hearing request regarding a notice of intent to levy as timely filed.

On October 14, 2011, and on November 2, 2011, respondent sent petitioner letters advising him that he would be contacted for the scheduling of a hearing. By a letter dated November 23, 2011, respondent informed petitioner that a telephone conference was scheduled for January 12, 2012, to discuss respondent's intent to take collection action. The conference took place as scheduled, and petitioner attempted to challenge the underlying 2008 assessed tax liability. The settlement

officer explained to petitioner that pursuant to section 6330(c)(2)(B) he could not challenge the underlying 2008 tax liability because he had had a prior opportunity to do so. Petitioner responded that he wished to proceed to court to resolve his concerns. Respondent's determination to proceed with collection by levy was sustained in a letter dated January 20, 2012, from which petitioner timely petitioned this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 Fed. Appx. 169 (3d Cir. 2008). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In deciding whether to grant summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the

pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). Petitioner failed to respond to respondent's motion and has failed to indicate that there is a genuine dispute for trial.[2] Consequently, we conclude that there is no dispute as to any material fact and that a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

---

[2]By failing to respond to the assertions in the motion, petitioner has waived his right to contest them. See Rule 121(d); Lunsford v. Commissioner, 117 T.C. 183, 187 (2001); Akonji v. Commissioner, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at *6.

If a taxpayer requests a CDP hearing in response to a notice of Federal tax lien or a notice of intent to levy, he may raise at that hearing any relevant issue relating to the unpaid tax, proposed levy, or lien. Sec. 6330(c)(2). Relevant issues include possible alternative means of collection such as an installment agreement. Sec. 6330(c)(2)(A)(iii).

In his petition, petitioner assigned error to respondent's determination and sought review of his "adjusted gross income". In addition, petitioner provided the amounts of income tax that he believed should have been due for 2008. In effect, petitioner's only challenge was to his underlying 2008 income tax liability. However, petitioner is not entitled to question that liability because he had already had the opportunity to do so within the meaning of section 6330(c)(2)(B). See also sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. 176, 182 (2000). The determination of the Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient

collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Sec. 6330(c)(3); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). Petitioner has offered no alternatives to collection and has not questioned whether respondent's settlement officer followed prescribed procedures or whether he gave petitioner the opportunity to pursue this matter. Respondent's motion for summary judgment and the declaration filed by the settlement officer contain clear and convincing evidence that the settlement officer properly based the determination on the factors required by section 6330(c)(3).

We accordingly hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion, and the proposed collection action is sustained.

To reflect the foregoing,

An appropriate order and

decision will be entered.