T.C. Memo. 2015-62

UNITED STATES TAX COURT

STALLINGS GREENHOUSE & NURSERY, LLC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23485-13L.                    Filed March 31, 2015.

Elizabeth C. Mourges, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This case concerns petitioner's appeal of respondent's

determination to sustain the filing of a notice of Federal tax lien for unpaid

withholding tax liabilities for the tax period ending September 30, 2008, pursuant

to sections 6320 and 6330.[1]  The issue before the Court is whether to grant

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code as amended and in effect at all relevant times, and all Rule

(continued...)

[*2] respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute exists as to any material fact and that the determination to maintain a notice of Federal tax lien (NFTL) filed under section 6323 should be sustained.[2]

## Background

At the time the petition was filed, petitioner's principal place of business was in Davidsonville, Maryland.

Respondent's records show unpaid liabilities and penalties for the tax period ending on September 30, 2008. Respondent sent petitioner a Letter 3172(DO), Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated October 30, 2012, advising petitioner that respondent had filed an NFTL for those liabilities. The letter advised that petitioner could request a hearing with the Internal Revenue Service (IRS) Office of Appeals. Petitioner timely submitted a

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.

[2]On December 8, 2014, respondent's motion was filed and, on the same date, the Court issued an order directing petitioner to file, on or before December 30, 2014, a response to the motion. On January 5, 2015, the Court filed petitioner's letter dated December 23, 2014. Because petitioner did not file a proper response to the motion and failed to respond to the specific assertions in respondent's motion, on January 16, 2015, we ordered petitioner to file a proper response to the motion on or before February 17, 2015. Petitioner has not responded to respondent's motion pursuant to our January 16, 2015, order.

**[*3]** Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting release of the lien. Petitioner stated that this debt had been previously settled.

On April 16, 2013, Settlement Officer Nancy A. Miltner (Settlement Officer Miltner) verified that the assessments were proper, that a notice and demand was issued to petitioner within 60 days of assessment, and that there was still a balance due. Also, on the same date, Settlement Officer Miltner sent a letter to petitioner acknowledging receipt of petitioner's collection due process (CDP) hearing request and scheduling a telephone conference call. In the letter Settlement Officer Miltner informed petitioner that she could not consider a collection alternative such as an installment agreement or an offer-in-compromise unless petitioner submitted a completed Form 433-B, Collection Information Statement for Businesses, with supporting documents.

The tax and penalties in issue were assessed on the basis of petitioner's return filed on August 18, 2010. On May 13, 2013, Settlement Officer Miltner considered petitioner's allegation that the liabilities were paid pursuant to an installment agreement entered into in 2008 for all of the 2008 tax periods by reviewing the archived history in respondent's records. Settlement Officer Miltner determined that the liabilities in issue were unpaid and were not part of the 2008

**[*4]** installment agreement, that the return for the tax period at issue in this case was not filed until 2010, and that the tax was not assessed until 2010.

On May 13, 2013, petitioner's representative and Settlement Officer Miltner held a conference call. During the phone conference, petitioner's representative and Settlement Officer Miltner discussed that respondent's records still showed that the liabilities for the tax period at issue were unpaid. Settlement Officer Miltner informed petitioner's representative that she could not consider a collection alternative unless petitioner submitted a Form 433-B. Settlement Officer Miltner also informed petitioner's representative that she could not consider a penalty abatement request unless petitioner submitted a letter asking for abatement of penalties and explaining why petitioner had a reasonable cause defense to the penalties. Petitioner never submitted the Form 433-B, the penalty abatement request, or any financial documents.

On August 28, 2013, the Appeals officer issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), denying the request for a collection alternative because petitioner was not in filing compliance and had not submitted the Form 433-B and denying the penalty abatement request because petitioner had not submitted a penalty abatement request in writing explaining why petitioner had reasonable

[*5] cause. In the notice of determination the Appeals officer also determined that all legal and procedural requirements in the filing of the NFTL had been followed.

Petitioner timely filed a petition with this Court.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(a) and (b); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 Fed. Appx. 169 (3d Cir. 2008). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that it is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also

**[\*6]** <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. &</u>

<u>Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000).  Petitioner failed to properly

respond to respondent's motion and has failed to indicate that there is a genuine

issue for trial.[3]  Based on the record, we conclude that there is no dispute as to any

material fact and that a decision may be rendered as a matter of law.

Section 6321 provides that, if any person liable to pay any tax neglects or

refuses to do so after demand, the amount shall be a lien in favor of the United

States upon all property and rights to property, whether real or personal, belonging

to such person.  Section 6323 authorizes the Commissioner to file an NFTL.

Pursuant to section 6320(a) the Commissioner must provide the taxpayer with

notice of and an opportunity for an administrative review of the propriety of the

NFTL filing.  <u>See</u> <u>Katz v. Commissioner</u>, 115 T.C. 329, 333 (2000).  If a taxpayer

requests a CDP hearing, it may raise at that hearing any relevant issue relating to

the unpaid tax or the lien.  Sec. 6330(c)(2).  Relevant issues include possible

alternative means of collection.  Sec. 6330(c)(2)(A)(iii).

---

[3]By failing to respond to the specific assertions in the motion, petitioner has waived its right to contest them.  <u>See</u> Rule 121(d); <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 187 (2001); <u>Akonji v. Commissioner</u>, T.C. Memo. 2012-56, 2012 Tax Ct. Memo LEXIS 49, at \*6.

**[*7]** If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. If the underlying liability is not at issue, the Court reviews a notice of determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Petitioner has the burden of proof regarding its underlying liabilities. See Rule 142(a). As to the tax and penalties the record shows that the tax liabilities in issue were based on a return and an assessment made in 2010 and were not the subject of any type of agreement made in 2008.

Petitioner failed to raise an issue as to the penalties during the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 114 (2007).[4] Petitioner had the opportunity to submit a penalty abatement request explaining why petitioner had a reasonable cause defense to the penalties but failed to do so.

The Court reviews administrative determinations by the IRS Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. Pursuant to section 6330(c)(3), the determination of an Appeals officer must take

---

[4]The merits are not properly raised if the taxpayer challenges the underlying tax liability but fails to present the IRS Office of Appeals with any evidence with respect to that liability after being given a reasonable opportunity to present such evidence. Secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

[*8] into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). Settlement Officer Miltner considered all of these matters during the CDP hearing.

It is not an abuse of discretion for the IRS Office of Appeals to determine that a taxpayer is ineligible for a collection alternative if the taxpayer does not provide requested financial information. Tucker v. Commissioner, T.C. Memo. 2014-103, at *27; Huntress v. Commissioner, T.C. Memo. 2009-161, 2009 Tax Ct. Memo LEXIS 159, at *14. Settlement Officer Miltner specifically stated in her April 16, 2013, letter to petitioner that she could not consider any collection alternative unless petitioner submitted a completed Form 433-B with supporting documents. Petitioner never submitted the Form 433-B with supporting documents to Settlement Officer Miltner. It was not an abuse of discretion for Settlement Officer Miltner not to consider collection alternatives because petitioner did not submit a Form 433-B, signed filed returns, or other requested financial information.

[*9]  We hold that the determination to proceed with collection was not an abuse of Settlement Officer Miltner's discretion.  The determination to proceed with collection action is sustained.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent</u>.