T.C. Summary Opinion 2015-57

UNITED STATES TAX COURT

LUCREZIA IONA CANADAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 162-15S L.                          Filed September 15, 2015.

Lucrezia Iona Canaday, pro se.

<u>Elizabeth C. Mourges</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case is subject to the provisions of section 7463 of

the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax
(continued...)

section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. The petition was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). Pursuant to section 6330(d), petitioner seeks review of respondent's determination to proceed with the levy relating to her 2008 income tax liability. This matter is before the Court on respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine issue exists as to any material fact and that the determination to collect petitioner's 2008 income tax liability by levy should be sustained. Petitioner has not responded to the motion despite an order from this Court instructing her to do so.[2]

## Background

At the time the petition was filed, petitioner resided in Maryland. On her 2008 Federal income tax return, filed April 15, 2009, petitioner claimed a first-time homebuyer credit (refundable credit). Respondent audited the 2008 return and on May 4, 2011, petitioner filed an amended return for her 2008 tax year in

---

[1](...continued)
Court Rules of Practice and Procedure.

[2]On June 11, 2015, the Court ordered petitioner to file a response on or before July 13, 2015. She did not do so.

which she did not claim the refundable credit. On the basis of the amended return, respondent issued a notice and demand for additional tax. In 2013 petitioner submitted a request for audit reconsideration concerning the refundable credit. Respondent disallowed petitioner's request in 2014.

Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated July 7, 2014, advising her that respondent intended to levy to collect the unpaid 2008 tax liability, interest, and penalty and that she could request a hearing with the Internal Revenue Service Office of Appeals (Appeals). Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, on August 2, 2014, in which she contested the underlying liability. On October 16, 2014, Appeals mailed petitioner a letter acknowledging receipt of her Form 12153 and scheduling a telephone hearing for November 4, 2014. Appeals' letter noted that only payment arrangements would be discussed during the hearing because petitioner's request for audit reconsideration constituted a prior opportunity to dispute the underlying liability.

A telephone hearing was held with respondent's settlement officer on November 4, 2014, as had been scheduled. Petitioner attempted to dispute the underlying liability during the telephone hearing, but was advised that her request

for audit reconsideration had been fully disallowed and that if she was not interested in collection alternatives, the settlement officer would have no alternative but to sustain the proposed levy. On November 26, 2014, Appeals issued the notice of determination sustaining respondent's notice of intent to levy.

Petitioner filed a timely petition with this Court requesting review of respondent's determination.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 F. App'x 169 (3d Cir. 2008). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that she is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings

and by * * * [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000).

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

If a taxpayer requests a hearing in response to a notice of intent to levy, she may raise at that hearing any relevant issue relating to the unpaid tax or the proposed levy.  Sec. 6330(c)(2).  Relevant issues include possible alternative means of collection such as an installment agreement.  Sec. 6330(c)(2)(A)(iii).  A taxpayer may challenge the underlying liability if the taxpayer did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B).

If the underlying liability is not at issue, the Court reviews the notice of determination to decide whether there was an abuse of discretion. Olsen v. United States, 414 F.3d 144, 150 (1st Cir. 2005); Callahan v. Commissioner, 130 T.C. 44, 50-51 (2008); Goza v. Commissioner 114 T.C. 176, 181-182 (2000).

The determination of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Sec. 6330(c)(3); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

Petitioner's 2008 tax return was audited, and in response she filed an amended 2008 return in which she did not claim the refundable credit. On the basis of petitioner's amended return, respondent reversed the refundable credit and made notice and demand on petitioner for payment of the resulting liability. Petitioner later requested audit reconsideration for the refundable credit. Respondent denied petitioner relief; the refundable credit was not reinstated.

Respondent sought to collect the outstanding tax liability by levy, and petitioner again attempted to raise the merits of the underlying liability for the 2008

tax year (presumably the refundable credit). Petitioner did not raise any other issue with respect to the proposed collection action. Because respondent believed that petitioner had had an opportunity to dispute the merits of the underlying 2008 tax liability, the settlement officer denied petitioner an opportunity to dispute the liability at the Appeals collection hearing.

Although petitioner did contest the merits of the underlying liability before the collection hearing, she was not allowed a prior opportunity to contest the liability before Appeals. In Lewis v. Commissioner, 128 T.C. 48, 61 n.9 (2007), this Court considered section 6330(c)(2)(B) and noted that we read section 6330(c)(2)(B) to allow "a taxpayer who has had neither a conference with Appeals nor an opportunity for a conference with Appeals to raise the underlying liability in a collection review proceeding before Appeals and this Court."

Petitioner has not had a prior opportunity to challenge her underlying liability within the meaning of section 6330(c)(2)(B) and, therefore, respondent's motion must be denied.

We accordingly hold that the determination to proceed with collection was an abuse of the settlement officer's discretion and remand this proceeding so that petitioner can be afforded the opportunity to contest the merits of her underlying 2008 tax liability.

To reflect the foregoing,

An appropriate order will be issued denying respondent's motion and remanding this matter for consideration of the underlying liability.