T.C. Memo. 2016-181

UNITED STATES TAX COURT

SHENITA A. HILL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24549-15.                          Filed September 27, 2016.

Shenita A. Hill, pro se.

<u>Catherine S. Tyson</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This matter is before the Court to address respondent's

July 14, 2016, motion for summary judgment (motion) pursuant to Rule 121.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Respondent contends that no genuine issue exists as to any material fact and that the determination in the notice of deficiency with respect to petitioner's 2013 income tax liability and accuracy-related penalty should be sustained. Petitioner's response to respondent's motion was filed August 8, 2016. The issues for our consideration are whether petitioner failed to report $28,704 of income and is liable for an accuracy-related penalty under section 6662(a) and (b)(2).

## Background

At the time the petition was filed, petitioner resided in Missouri. Petitioner filed a Federal income tax return for 2013 which did not include $28,629 of unemployment compensation that she had received from the State of Connecticut. Petitioner during the administrative proceeding contended that she used an online method for filing her return and was not aware that the unemployment compensation needed to be included because it was not "earned income". Petitioner also did not include $75 that she received in connection with her health savings account during 2013. In a June 29, 2015, notice of deficiency, respondent determined a $6,193 deficiency in petitioner's 2013 income tax and a $141 accuracy-related penalty for an underpayment attributable to a substantial understatement of income tax within the meaning of section 6662(d).

**[*3]**  Petitioner timely filed a petition for redetermination and alleged that she was not aware that the unemployment compensation was includible because it was not earnings and unemployment compensation was not "described" in the online program she used to file her return.  She also alleged that she did not receive information concerning the unemployment compensation until after she had used the online return preparation.  In her petition to this Court, petitioner did not specifically contest the inclusion of the $28,629 of unemployment compensation or reference the $75 health account adjustment.[2]  Finally, petitioner did not specifically contest the accuracy-related penalty in her petition.

In her 2013 income tax return, petitioner reported negative taxable income of $9,183, an earned income credit of $4,490, and a child tax credit of $1,000. After inclusion of the $28,629 of unemployment compensation and the $75 health account adjustment, petitioner's corrected taxable income was $19,521.

After this case was set on a St. Louis, Missouri, trial session, respondent moved for summary judgment with respect to the 2013 income tax deficiency and the penalty, stating that there was no genuine issue of material fact.  Petitioner, in her response to respondent's motion, stated that she had contacted the Internal

---

[2]The income tax deficiency was also based on other mathematical adjustments that were purely computational and generated by the determination of increased income.

**[*4]** Revenue Service Taxpayer Advocate Service (Advocate), who advised that petitioner could still amend her 2013; return and she asked the Court to allow her time to amend her return so that the "fee" (sic penalty) would not be assessed. Petitioner also stated that she is "now disputing the amount owed, due to the information that * * * [she] received from the Advocate."

Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 F. App'x 169 (3d Cir. 2008). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and

**[*5]** admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2009).

Respondent's motion made allegations of fact based upon documents attached to the motion. Petitioner's response made no statements concerning or in other respects showing that respondent's alleged facts were incorrect and/or that there was any dispute concerning them. In the documents attached to respondent's motion, petitioner's written responses to respondent tacitly agreed that the unemployment compensation was taxable and that she failed to report it in her 2013 return. Under these circumstances, we must find and hold that respondent's determination that petitioner had unreported income of $28,704 was not in error.

With respect to the $141 accuracy-related penalty under section 6662(a), petitioner did not specifically contest that determination in her petition. Section 6662(a) imposes an accuracy-related penalty equal to 20% of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2). In this case the notice of deficiency attributed the penalty to a

[*6] "substantial understatement of income tax". There is a substantial understatement of income tax for any taxable year if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A). Petitioner reported negative taxable income of $9,183, an earned income credit of $4,490, and a child tax credit of $1,000. Her income tax deficiency exceeds $5,000, which is greater than 10% of the tax required to be shown on the return. After inclusion of the $28,704 of unreported income, petitioner's corrected taxable income was $19,521. Accordingly, the understatement for the 2013 year comes within the definition of a substantial understatement.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. See Higbee v. Commissioner, 116 T.C. 438, 448 (2001).

Petitioner did not specifically raise the penalty in her petition, but she raised the question of the "fee" (which we interpret to mean "penalty") in her response to respondent's motion. Petitioner's explanation that the online software did not reference the unemployment compensation and/or that she did not receive information from the State of Connecticut until after she had filed her return does

**[*7]** not, in the context of this case, constitute reasonable cause for which petitioner may be relieved of the penalty.  Accordingly, respondent's determination with respect to the section 6662(a) accuracy-related penalty is not in error.

Accordingly, we will grant respondent's motion.

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>.