T.C. Summary Opinion 2016-78

UNITED STATES TAX COURT

GREGOR MACINNIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10938-15S L.                    Filed November 16, 2016.

Gregor MacInnis, pro se.

<u>Lesley A. Hale</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times, and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. The controversy before the Court arises from respondent's determination to proceed with collection with respect to petitioner's 2005 tax liability. Respondent on March 9, 2016, filed a motion for summary judgment (motion), and on April 5, 2016, petitioner filed a response. The issue for our consideration is whether respondent's settlement officer abused her discretion by determining that respondent should proceed with collection.

## Background

Petitioner failed to file a 2005 Federal income tax return, and respondent prepared a substitute for a return and issued a statutory notice of deficiency to petitioner. During the collection due process proceeding petitioner filed a 2005 return. On the basis of petitioner's return, respondent substantially reduced the income tax liability and the additions to tax.

Respondent on September 29, 2014, sent petitioner a Letter 3191, Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to his 2005 tax liability. In a timely response petitioner submitted a Form 12153, Request for a

---

[1](...continued)
Court Rules of Practice and Procedure.

Collection Due Process or Equivalent Hearing. In his request, petitioner stated: "I do not owe this--I claim the one-time exemption from capital gain from real estate sale. My disabilities prevented my abilities to get forms and the IRS did not aid me."

In a December 3, 2014, letter, Settlement Officer Nathalie G. Raygosa (settlement officer) scheduled a telephone conference with petitioner for January 13, 2015, and requested that he submit a signed 2005 tax return and a completed, Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; file his Federal income tax returns for the years 2006 through 2013; and submit various other financial and personal information. The settlement officer also inquired as to why petitioner had not filed Federal income returns for the taxable years 2006 through 2013.

During the telephone conference petitioner continued to contend that he owed nothing for 2005, and the settlement officer discussed monthly installment payments. Subsequently, on January 27, 2015, petitioner submitted a 2005 Federal income tax return but did not submit any of the information needed for the settlement officer to consider a collection alternative. On the basis of the return filed, respondent reduced petitioner's 2005 tax liability by $75,777 and reduced the additions to tax for failure to pay estimated tax, late filing, late payment, and

interest for late payment by $3,172, $17,049, $18,944.25, and $38,322.18, respectively. After these adjustments, petitioner's balance due for his 2005 income tax liability was $6,983, and the settlement officer notified him of the new balance due on March 25, 2015. The settlement officer also told him that she could not consider a collection alternative because he had yet to file his 2013 return.

On April 9, 2015, the settlement officer sustained the proposed collection action because she had verified that all legal and procedural requirements were met. She noted that petitioner had submitted a 2005 return; his contest of the tax liability was successful; and therefore his tax liability was reduced accordingly. The settlement officer determined that collection alternatives could not be considered for lack of information from petitioner. The settlement officer concluded that the collection action to be taken balanced the need for efficient collection with any legitimate concerns of petitioner and was no more intrusive than necessary.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other

materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); see Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 F. App'x 169 (3d Cir. 2008). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2009).

Petitioner, in his response to the motion, contended that respondent had an affirmative duty to see that justice is done, in that the settlement officer abused her discretion by "misreading [a]nd failing to understand" the tax law and the requirements of the State of California. Petitioner pointed out that he is a disabled 73-year-old who is "unable to cope." He further indicated that his disability made

it difficult for him to respond to the settlement officer's requests and would not permit him to engage in a trial of the issues in this case. Petitioner also indicated that he has no written evidence that would assist the Court in considering the issues before it.

The motion was set for hearing on May 2, 2016, at the San Francisco trial session. On the basis of petitioner's response to the motion, the Court allowed the parties several months to enable petitioner to seek assistance with this matter and also to allow the parties time to further address the outstanding issues, such as an installment plan. In a September 12, 2016, status report, respondent advised the Court that petitioner had indicated on September 6, 2016, that he was not able to obtain assistance on this matter. In his September 9, 2016, status report petitioner confirmed what respondent had stated and added that he was not able to obtain assistance with his case because his income or assets were above the amount under which he could qualify for assistance. Under these circumstances, petitioner intimated that it would be fruitless to again approach respondent with a settlement offer of about one-half of the remaining 2005 tax liability (of $6,983).

Accordingly, this matter is ripe for summary judgment as there is no genuine dispute of material fact and petitioner does not have any evidence to offer that would contradict respondent's explanation of the circumstances before the

Court.  In his petition to this Court, petitioner indicated that he was contesting the underlying tax liability for 2005.  If his underlying tax liability were properly in issue the Court would review the liability de novo.  See Jones v. Commissioner, 338 F.3d 463, 466 (5th Cir. 2003).  However, section 6330(c)(2)(B) precludes petitioner from challenging the underlying liability because of the issuance and receipt of a statutory notice of deficiency, facts that petitioner does not deny.

Finally, we consider petitioner's contentions that respondent did not comply with procedures during the administrative collection process.  Where the underlying liability is not at issue, the Court reviews the determination to decide whether there was an abuse of discretion.  Olsen v. United States, 414 F.3d 144, 150 (1st Cir. 2005); Callahan v. Commissioner, 130 T.C. 44, 50-51 (2008); Goza v. Commissioner 114 T.C. 176, 181-182 (2000).

The determination of respondent's settlement officer had to take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by petitioner; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  We note that the record reflects that the

settlement officer properly based her determination on the factors specified by section 6330(c)(3).

We hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion and, accordingly, the collection action is sustained.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.