T.C. Summary Opinion 2018-4

UNITED STATES TAX COURT

MICHAEL ROYCE PRESTON, Petitioner <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent

Docket No. 844-16S L.                    Filed January 29, 2018.

Michael Royce Preston, pro se.

<u>Connor J. Moran</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This collection due process (CDP) case is before the

Court on respondent's motion for summary judgment (motion) pursuant to Rule

121.[1]  Respondent contends that no genuine dispute exists as to any material fact

---

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

and that the determination to collect by levy petitioner's unpaid trust fund recovery penalties under section 6672 for taxable quarters ending December 31, 2012, and March 31, 2013, should be sustained. Petitioner in response to the motion contends that there was an abuse of discretion because respondent has incorrectly computed petitioner's ability to pay and/or refused to accept petitioner's offer-in-compromise and that a levy would be a hardship on him.

## Background

Petitioner does not deny that he owes unpaid trust fund recovery penalties under section 6672 for taxable quarters ending December 31, 2012, and March 31, 2013. On January 28, 2015, respondent notified petitioner of his intent to levy, and on February 25, 2015, petitioner timely sought a CDP hearing and submitted an offer-in-compromise along with the appropriate supporting materials.

During a telephone hearing on September 25, 2015, it was explained to petitioner that his offer was not a viable collection alternative. Instead, petitioner was offered an installment agreement which he declined. On October 29, 2015, petitioner provided additional financial information and asked that his offer be reconsidered. After review of petitioner's information, his offer was rejected

---

[1](...continued)
Revenue Code in effect for all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

because it was again determined that he could pay the liabilities in full within the time allowed by law according to the financial statement and supporting documentation he provided.

On December 3, 2015, respondent sent a notice of determination, and on January 11, 2016, petitioner timely petitioned this Court alleging that the Office of Appeals' (Appeals) settlement officer failed to account for his monthly payment to the Washington State Department of Revenue when determining his ability to pay his tax liabilities. The case was set for trial during March 2017, and on February 23, 2017, respondent sought a continuance, alleging that petitioner's $750 monthly payments to the Washington State Department of Revenue were not considered during the CDP hearing. The case was continued, and on May 5, 2017, petitioner was informed that his financial information had been reviewed and that it was determined that he could make payments of $2,111.35 per month. Petitioner disagreed and again requested an offer-in-compromise for the outstanding liabilities.

The case was returned to Appeals and on June 21, 2017, was assigned for a supplemental CDP hearing. On July 11, 2017, petitioner again requested an offer-in-compromise and provided a pay statement reflecting year-to-date income through June 30, 2017. A telephone hearing was held on July 20, 2017. Petitioner

was again advised that his offer could not be accepted because he was financially able to pay the tax liabilities by means of an installment agreement. The Settlement Officer explained to petitioner how his ability to pay was calculated using the information that he had provided to respondent.

Although petitioner was to provide additional information by August 8, 2017, he did not and was called by the settlement officer on August 9, 2017, at which time petitioner advised that he wanted to go to court. On August 15, 2017, a supplemental determination to proceed with the levy was sent to petitioner.

## Discussion

Summary judgment is intended to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Summary judgment may be granted where the pleadings and other materials show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. See Rule 121(b); see also Schlosser v. Commissioner, T.C. Memo. 2007-298, 2007 Tax Ct. Memo LEXIS 300, at *6, aff'd, 287 F. App'x 169 (3d Cir. 2008). The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In all cases, the evidence is viewed in the light most

favorable to the nonmoving party. <u>Bond v. Commissioner</u>, 100 T.C. 32, 36 (1993). However, the nonmoving party is required to designate specific facts showing that there is a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 175 (2002); <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000).

If a taxpayer requests a CDP hearing in response to a notice of intent to levy, he may raise at that hearing any relevant issue relating to the unpaid tax, proposed levy, or lien. Sec. 6330(c)(2). Relevant issues include possible alternative means of collection such as an installment agreement. Sec. 6330(c)(2)(A)(iii). If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Petitioner has the burden of proof regarding his underlying liability. <u>See</u> Rule 142(a). A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing. <u>See</u> <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 114 (2007).

Petitioner did not raise his underlying tax liabilities in his request for a CDP hearing. In his petition he made no specific allegations or arguments regarding their correctness. Consequently, petitioner's underlying tax liabilities are not properly before the Court.

The Court reviews for abuse of discretion administrative determinations by Appeals regarding nonliability issues. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. Appeals' determination must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary. Sec. 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the settlement officer properly based the determination on the factors required by section 6330(c)(3).

In the petition and throughout the administrative proceeding, petitioner requested that the proposed levy be withdrawn and that respondent enter into an offer-in-compromise with him. Respondent contends that the settlement officer did not abuse her discretion by denying petitioner's requests for an offer-in-compromise because the financial information petitioner provided, calculated under prescribed standards, revealed that petitioner was financially able to pay the liabilities in installments. Petitioner contends that there was an abuse of discretion because respondent's calculation of his ability to pay results in a financial hardship to him. He further contends that respondent has used gross income

figures and that the net amounts he and his wife received are less. Respondent contends that Appeals has used a standardized method which is used in the consideration of all offers-in-compromise and installment agreements. In all other respects respondent has followed the underlying requirements preliminary to the issuance of a notice of intent to levy, and petitioner has not shown otherwise.

The Commissioner uses standardized guidelines to determine the reasonable collection potential which will establish the taxpayer's ability to pay the tax. Respondent explained that national standards were used to determine petitioner's food, clothing, health care, personal care, and miscellaneous expenses and that local standards were used to determine housing, utilities, and transportation expenses. See Internal Revenue Manual pt. 5.15.1.8 and 5.15.1.9 (Nov. 17, 2014). We note that this Court has accepted the Commissioner's use of national and local allowances as guidelines for basic living expenses in considering the adequacy of installment agreements and offers-in-compromise. Walker v. Commissioner, T.C. Memo. 2016-75.

This Court does not independently review whether an offer-in-compromise or other collection alternative is acceptable. Our review is limited to whether the Appeals officer's rejection of the offer was arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd,

469 F.3d 27 (1st Cir. 2006). Here, the Appeals officer has followed the Commissioner's guidelines to ascertain petitioner's reasonable collection potential and rejected his collection alternative on that basis. Accordingly we do not find an abuse of discretion. See McClanahan v. Commissioner, T.C. Memo. 2008-161.

Additionally, petitioner has the burden of providing information to respondent to justify a departure from local or national standards. Petitioner did not present such evidence to respondent or the Court, and, accordingly, respondent's refusal to accept petitioner's offer-in-compromise and the amount of the proposed installment agreement offered to petitioner did not result in an abuse of discretion. See Gregg v. Commissioner, T.C. Memo. 2009-19.

Finally, petitioner contends that a levy would cause undue hardship. To that argument, respondent counters with the following explanation:

> [T]he IRS will accept an offer of less than the reasonable collection potential if there are special circumstances warranting such acceptance. Special circumstances are: (1) Circumstances demonstrating that the taxpayer would suffer economic hardship if the IRS were to collect from him an amount equal to the reasonable collection potential; or (2) circumstances justifying acceptance of an amount less than the reasonable collection potential based on considerations of public policy or equity. Murphy v. Commissioner, 125 T.C. 301, 320-21 (2005).
>
> Internal Revenue Code regulations provide that a levy creates an economic hardship if satisfaction of the levy in whole or in part will

cause an individual taxpayer to be unable to pay his or her reasonable basic living expenses. See Treas. Reg. § 301.6343-1(b)(4).

Economic hardship occurs when a taxpayer is unable to pay his or her reasonable basic living expenses. Section 301.712201[sic](c)(3)(iii).

Here, petitioner has a gross monthly income of $9,161. The total allowable expenses computation is $6,985. This difference is equal to $2,176 in discretionary income per month. Petitioner has twice been offered a minimum monthly payment amount of $545 per month, but has rejected it both times.

After collection of the above amount, the petitioner will be left with more than adequate means to provide for basic living expenses for both him and his wife.

Under these circumstances, we find and hold that there was no abuse of discretion in the refusal to accept petitioner's offer-in-compromise and that the installment agreement proposed to and rejected on several occasions by petitioner did not result in an abuse of discretion.

We hold that the determination to proceed with collection by levy was not an abuse of discretion, and the proposed collection action is sustained.

To reflect the foregoing,

An appropriate order will be issued granting respondent's motion, and decision will be entered for respondent.