NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2872

_____

UNITED STATES OF AMERICA

v.

JAMES KERR SCHLOSSER,
                                                    Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-16-cr-00178-001)
District Judge: Honorable Jeffrey L. Schmehl

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 8, 2019

Before: AMBRO, KRAUSE, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: January 30, 2019)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, <u>Circuit Judge</u>

James Kerr Schlosser appeals his convictions for several tax offenses. His defense at trial was that he was misled to believe he could avoid his tax obligations by renouncing his federal citizenship. Although we vacate one conviction in light of a superseding decision of the Supreme Court, we affirm the District Court's decision to limit the admission of documentary evidence to support Schlosser's beliefs about the tax system.

**Background**

In 1994, Schlosser attended a tax seminar run by one Jeffrey Thayer, who held himself out as a lawyer. At the seminar, Schlosser learned of the distinction between "federal citizenship" and "state citizenship," and he discovered that by renouncing the former he would purportedly relieve himself of the obligation to pay federal income taxes. Armed with this newfound information, Schlosser filed a document with a county official in New Jersey purporting to repudiate his Social Security number in order to reject his federal citizenship. He has not paid federal income taxes since.

The IRS uncovered Schlosser's tax deficiency in 2006 and ordered him to pay back taxes. When he disputed his tax obligations, both the Tax Court and our Court rejected his arguments as "frivolous." *See Schlosser v. Comm'r of Internal Revenue*, 94 T.C.M. (CCH) 346, at *3 (T.C. 2007); *Schlosser v. Comm'r of Internal Revenue*, 287 F. App'x 169, 171 (3d Cir. 2008). He nonetheless persisted in refusing to pay taxes.

Schlosser's persistence ultimately led to criminal action in 2016. He faced charges of "corruptly" impeding the "due administration" of the tax laws, *see* 26 U.S.C. § 7212(a), and of "willfully" failing to pay taxes for 2012 and 2013, *see id.* § 7203. At

2

trial, his principal defense was good faith — that is, Schlosser genuinely believed that he had no legal obligation to pay taxes because of what he had learned at the Thayer seminar. He testified in detail about the seminar, but the District Court excluded from evidence certain materials from the seminar that had informed Schlosser's beliefs about the tax laws. As the Court later explained in a post-trial decision, the seminar materials were "duplicative" of Schlosser's testimony and their presentation to the jury would have been "a poor use of judicial resources." App. 13.

The jury convicted Schlosser on all counts, and he was sentenced to nearly four years in prison and ordered to pay over $400,000 in restitution. His appeal centers on the District Court's decision to exclude the seminar materials from evidence.

**Discussion**

We begin with one point that is not in dispute. The Government concedes that the evidence was insufficient to convict Schlosser for "corruptly" impeding the "due administration" of the tax laws under 26 U.S.C. § 7212(a). After the trial, the Supreme Court held that a conviction under § 7212(a) requires interference with "a particular administrative proceeding" that was either "pending" or "reasonably foreseeable by the defendant." *Marinello v. United States*, 138 S. Ct. 1101, 1109–10 (2018). Because the jury was not instructed about this requirement, we vacate Schlosser's conviction under 26 U.S.C. § 7212(a). And because we vacate the conviction under § 7212(a), we must remand for a revision of the loss calculation and restitution order and for resentencing on Schlosser's remaining counts of conviction.

All that remains in dispute is the District Court's decision to exclude from evidence certain materials from the Thayer seminar. The statute of conviction required the Government to prove that Schlosser "willfully" failed to pay his taxes in 2012 and 2013. *See* 26 U.S.C. § 7203. In this context, "willfulness" means "a voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 200 (1991) (quoting *United States v. Pomponio*, 429 U.S. 10, 12 (1976)). Thus if a jury believes that a defendant had a "good-faith misunderstanding" about the law he disobeyed — even a misunderstanding that was not "objectively reasonable" — then the Government has failed to carry its burden as to willfulness. *Id.* at 202. Schlosser's defense at trial was exactly this: his failure to pay his taxes was not willful because he believed, per Thayer's seminar, that he had renounced his federal citizenship. As a result, the key decision facing the jury was whether this belief constituted a good-faith misunderstanding of the law. Given the task before the jury, we must decide whether the District Court acted within its discretion in allowing Schlosser to testify extensively as to the content of the seminar while excluding from evidence the actual materials Schlosser received at the seminar.

We discern no abuse of discretion. The District Court allowed Schlosser to testify comprehensively about the Thayer seminar. The admission of seminar materials, therefore, would have been piling on. This is especially true in light of the intervening tax litigation in which Schlosser was told that the theories espoused at the Thayer seminar were nonsense. In 2008, our Court rejected as "baseless" and "patently frivolous" Schlosser's argument that he was not a federal citizen subject to federal taxation.

4

*Schlosser*, 287 F. App'x at 170–71. This echoed the statement of the Tax Court that Schlosser had "advanced nothing but frivolous and meritless arguments with respect to his underlying tax liability." *Schlosser*, 94 T.C.M. (CCH) 346, at *3. Whatever Schlosser thought he learned at Thayer's 1994 seminar, these decisions should have set him straight. At the very least, they justified the District Court's decision not to let him needlessly pile seminar materials on top of his extensive testimony about that seminar.

In other words, the litigation culminating in our 2008 decision makes the value of the 1994 Thayer seminar slim at best. This sets Schlosser's case apart from those in which excluded evidence was central to a tax protestor's good-faith misunderstanding of the law. *See, e.g.*, *United States v. Lankford*, 955 F.2d 1545, 1551 (11th Cir. 1992) (holding that tax expert should have been allowed to testify about the reasonableness of a defendant's good-faith belief that certain payment was a non-taxable gift). As the entity charged with ensuring that the evidence presented at trial does not waste time, *see* Fed. R. Evid. 611(a)(2), the District Court did not abuse its discretion in cutting off evidence about the Thayer seminar after extensive testimony on the issue, *see* Fed. R. Evid. 403(b).

Nor were the excluded materials from the Thayer seminar relevant to any of Schlosser's other reasons for thinking he was free from federal taxation. First, he thought his Social Security number was invalid because he obtained it before he turned eighteen. Without a valid Social Security number, he concluded he owed no federal taxes. Second, he believed that several mailings from the IRS waived the Government's right to collect taxes from him. *See, e.g.*, App. 850 (mail from IRS with code MFR-01, meaning "not required to be mailed or filed"); App. 1165 (mail from IRS invalid because it was not

5

signed in ink); App. 1168–73 (IRS failed to respond to 2012 letter from Schlosser and thus waived its right to collect taxes). Finally, Schlosser believed that the Social Security Act corresponded with the "mark of the beast" in Christian eschatology. *Compare* 42 U.S.C. § 666 (a portion of the Social Security Act), *with* Revelation 13:16-18 (the number of the beast is 666). As a result, he felt he could not pay taxes consistent with his religious beliefs. *See, e.g.*, App. 184:1–13; App. 1021:14–20. Materials from the Thayer seminar have no bearing on Schlosser's views on these topics.

In sum, we affirm the convictions for willfully failing to pay taxes under 26 U.S.C. § 7203 and vacate the conviction for corruptly impeding the collection of taxes under 26 U.S.C. § 7212(a). As a result, we remand to the District Court to recalculate the loss amount for sentencing purposes and to correct the restitution award. *See United States v. Diaz*, 639 F.3d 616, 619–20 (3d Cir. 2011). This will result in resentencing.