T.C. Memo. 2007-242

UNITED STATES TAX COURT

KEVIN F. FOLEY AND SHULA K. FOLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11602-06L.               Filed August 23, 2007.

<u>Mark A Pridgeon</u>, for petitioners.

<u>Trent D. Usitalo</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us under Rule 121 on the parties' cross-motions for summary judgment.  The underlying issue in this collection case is whether respondent's Appeals Office abused its discretion in sustaining respondent's proposed levy action against petitioners' residence.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of filing the petition, petitioners resided in Afton, Minnesota.

In 1999, petitioners earned $359,378 in short-term capital gains.

On September 7, 2000, petitioners purchased a new residence for $140,000 with a $40,522 cash down payment and a contract for deed for the balance with a balloon payment due on June 1, 2007.

On or about February 21, 2005, petitioners filed late their 1999 joint Federal income tax return showing a tax liability of $99,548. Petitioners included no payment with the return, and in 1999 petitioners paid no withholding taxes and no estimated taxes.

On or about April 4, 2005, respondent assessed the above $99,548 tax liability reported on petitioners' 1999 Federal income tax return, along with interest and penalties and mailed to petitioners a notice and demand for payment.

On or about October 10, 2005, respondent mailed to petitioners a notice of intent to levy relating to petitioners' 1999 Federal income taxes, plus penalties and interest in the total amount of $197,202.22.

On October 28, 2005, respondent filed a Federal tax lien in Washington County, Minnesota, relating to petitioners' 1999 outstanding Federal income taxes.

On or about November 2, 2005, petitioners timely requested an Appeals Office hearing, seeking to avoid or at least to postpone respondent's proposed levy.

In their Appeals Office hearing, petitioners requested that respondent designate their outstanding 1999 Federal income taxes as currently not collectible. Petitioners also represented that because of the balloon payment due on their contract for deed in June of 2007 they intended to sell or refinance their residence and that funds therefrom would be used by petitioners to pay their outstanding 1999 Federal income taxes. Petitioners also represented that they had several business deals that at some point might provide funds to pay their 1999 Federal income taxes.

In the Appeals Office hearing petitioners did not challenge their underlying 1999 Federal income tax liability. Per respondent's request, petitioners filed Form 433-A, indicating that petitioners' monthly living expenses exceeded their monthly earned income and showing their residence as their only significant asset.

On or about April 26, 2006, respondent's Appeals officer advised petitioners' representative that the proposed levy action

was sustained and that petitioners should consider either refinancing or selling their residence to pay their 1999 Federal income taxes.

The Appeals officer further determined that it was not appropriate to levy on petitioners' bank accounts because petitioners had no funds in their bank accounts.[1]

The Appeals officer on his own initiative considered other collection alternatives. In particular, the Appeals officer determined that an installment agreement would not be appropriate because petitioners' monthly necessary living expenses exceeded their monthly income. The Appeals officer further determined that an offer-in-compromise would not be appropriate because of the amount of equity in petitioners' residence.

The Appeals officer determined that it was appropriate to levy on petitioners' residence because there was sufficient equity in the residence to satisfy petitioners' entire outstanding tax liability.

On or about May 11, 2006, respondent's notice of determination was mailed to petitioners, sustaining respondent's proposed levy.

In the notice of determination, the Appeals officer determined, and petitioners do not dispute, that as of May 2006,

---

[1]The record does not explain what disposition petitioners made of the $359,378 in short-term capital gains they realized in 1999.

petitioners had a balance due on the contract for deed relating to their residence of $67,836, and petitioners' residence had a fair market value of approximately $460,000.

On June 19, 2006, petitioners timely filed a petition with this Court.

In their petition, petitioners alleged only the following error:

> The Respondent erred in determining that a short-term extension of time to June 2007 for the petitioners to refinance or sell their home pursuant to a balloon payment on their Contract for Deed and thereby raise the funds to pay the liabilities was not an appropriate collection alternative * * *.

## Discussion

Summary judgment is appropriate where the pleadings, answers to interrogatories, depositions, admissions, and other material show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Beery v. Commissioner, 122 T.C. 184, 187 (2004).

Under section 6330(d)(1), where a taxpayer's underlying tax liability is not at issue, we generally review respondent's Appeals Office notice of determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 609-610 (2000).

In an Appeals Office hearing, generally respondent is required to consider issues raised by a taxpayer including

collection alternatives and challenges to the appropriateness of the collection action.  Sec. 6330(c).

A taxpayer may request that his Federal income tax liability be designated as currently not collectible.  Such status may be available where, based on the taxpayer's assets, equity, income, and expenses, the taxpayer has no apparent ability to make payments on the outstanding tax liability.  2 Administration, Internal Revenue Manual (CCH), sec. 5.16.1.2.9, at 17,810.  See also Willis v. Commissioner, T.C. Memo. 2003-302.

In a number of situations, courts have held that it will not be regarded as an abuse of discretion where an Appeals officer refuses to delay a proposed collection action to allow a taxpayer to sell an asset.  See Castillo v. Commissioner, T.C. Memo. 2004-238; Clawson v. Commissioner, T.C. Memo. 2004-106; Medlock v. United States, 325 F. Supp. 2d 1064, 1077-1079 (C.D. Cal. 2003).

Herein, the record establishes that respondent's Appeals officer did not abuse his discretion in sustaining the proposed levy.  The Appeals officer considered petitioners' request to designate their liability as currently not collectible and correctly determined that it was not merited because of the equity in petitioners' residence.  Further, the Appeals officer did not abuse his discretion in rejecting petitioners' request to postpone the levy until after June 2007 to allow petitioners to refinance or sell their residence.

We note that petitioners purchased a new residence with $40,522 in cash at a time when they owed a substantial tax liability.  See Steinberg v. Commissioner, T.C. Memo. 2006-217 (no abuse of discretion in rejecting an offer-in-compromise where taxpayers spent $100,000 on a residence down payment).

We are not aware of any reason why petitioners did not attempt to refinance or to sell their residence before June 2007 as recommended by respondent's Appeals officer to pay their outstanding 1999 Federal income tax liability.  If respondent's tax lien inhibited petitioners from refinancing or selling their residence, petitioners could have requested respondent to subordinate the tax lien under section 6325(d) to facilitate the refinancing or sale.  There is no indication that petitioners made such a request.

For the first time in their summary judgment motion, petitioners allege that respondent's Appeals officer abused his discretion by failing to properly balance the need for efficient collection of taxes with the concern that a collection action be no more intrusive than necessary.  Petitioners' argument fails. As stated, petitioners never requested an installment agreement nor did they make an offer-in-compromise, yet the Appeals officer considered these collection alternatives and correctly concluded

that a levy on petitioners' residence was the only viable alternative.[2]

Petitioners contend that the filing of respondent's tax lien alone was sufficient to protect respondent's interest. The lien itself, however, does not collect taxes owed but simply enhances respondent's priority position vis-a-vis other creditors.

Regardless of our opinion, herein, petitioners effectively obtained much of what they wanted--namely--a postponement of respondent's levy until 2007. By requesting an appeal with respondent's Appeals Office and subsequently filing a petition with this Court, respondent was temporarily stayed from levying on petitioners' residence. Sec. 6330(e); Davis v. Commissioner, 115 T.C. 35, 37 (2000).

We hold that respondent's Appeals Office did not abuse its discretion. We will deny petitioners' motion for summary judgment, and we will grant respondent's motion for summary judgment.

---

[2] Our opinion here does not necessarily mean that respondent may in fact levy on petitioners' residence. Pursuant to sec. 6334(e), a taxpayer's principal residence is exempt from levy absent the written approval of a Federal district court Judge or Magistrate. We note that, in connection with a proposed levy on a taxpayer's residence, our jurisdiction under sec. 6330(c)(2)(B) to consider whether an Appeals officer properly has balanced the need for efficient collection of taxes with the concern that a collection action be no more intrusive than necessary would appear to be somewhat duplicative of the Federal district courts' jurisdiction under sec. 6334(e) also to review and approve respondent's levy on a taxpayer's residence.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.