T.C. Memo. 2017-148

UNITED STATES TAX COURT

STEVEN J. FELDMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1719-16L.                              Filed July 27, 2017.

Steven J. Feldman, pro se.

Kathleen K. Raup, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This case concerns petitioner's appeal of respondent's

determination to sustain the filing of a notice of Federal tax lien (NFTL) to collect

petitioner's unpaid tax liabilities for taxable years 2009, 2010, 2011, 2012, and

2013 (years in question).  The issue before the Court is whether to grant

[*2] respondent's motion for summary judgment (motion) pursuant to Rule 121.[1] Respondent contends that no genuine dispute exists as to any material fact and that the determination to maintain an NFTL filed under section 6323 should be sustained. Petitioner responded twice to respondent's motion but did not contest respondent's material factual allegations. After reviewing these allegations along with the attached declaration and exhibits, we conclude that no material facts that respondent relies on are in dispute and that this case is appropriate for summary adjudication.

Background

Petitioner resided in Pennsylvania when he filed his petition.

Petitioner filed income tax returns for the years in question but failed to pay all liabilities reported on the returns. Respondent assessed all tax shown on the returns.

On or about June 18, 2010, petitioner requested and was granted an installment agreement to pay his outstanding tax liability for the 2009 taxable year. Petitioner made payments until April 2013 but then defaulted. Respondent terminated the agreement on September 30, 2013. In April 2014 respondent

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

**[*3]** initiated a levy on petitioner's Social Security benefits and on June 18 and July 16, 2014, received two separate payments of $299.25, which were applied against petitioner's outstanding tax liability for the 2009 taxable year.[2]

On or about June 30, 2014, petitioner submitted to respondent a Form 656, Offer in Compromise (Form 656 OIC), for his unpaid tax liabilities for the years in question. Respondent accepted petitioner's offer-in-compromise (OIC). Petitioner's OIC was for $7,440 and required an initial offer payment of $310, an application fee of $186, and monthly payments of $311. Petitioner submitted the initial offer payment and application fee with his OIC but failed to make a single required monthly payment.

Respondent sent petitioner a letter dated February 19, 2015, to his last known address, advising him that the OIC was closed for nonpayment. Petitioner denies that the letter was sent to the proper address, but he did receive it. In a letter dated March 16, 2015, petitioner requested that respondent reconsider closing the OIC.

On March 17, 2015, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, advising petitioner that respondent had filed an NFTL for petitioner's unpaid tax liabilities

---

[2]Respondent's 2014 levy action is not at issue in this case.

[*4] for the years in question and that petitioner could receive a hearing with the Internal Revenue Service (IRS) Office of Appeals.

On April 22, 2015, petitioner submitted, via facsimile, to respondent a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing (request for a CDP hearing), in which he did not contest the underlying liabilities but instead argued that the NFTL should be withdrawn because it was filed while he had an outstanding request with respondent to reconsider rejecting his OIC, his expenses exceeded his income, and collection action would create an undue hardship because of his illness and physical disability.

On June 12, 2015, a settlement officer (SO) from the IRS Office of Appeals verified and acknowledged receipt of petitioner's request for a CDP hearing. The SO sent petitioner a letter dated July 17, 2015, advising him that the SO had received his request for a CDP hearing and scheduling a conference call for August 12, 2015. The letter explained to petitioner that his OIC that was rejected on February 19, 2015, would not be reconsidered and requested that petitioner submit by August 4, 2015:  (1) a completed Form 656 OIC and a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, if petitioner would like to file a new OIC; (2) proof of current payment compliance; (3) a Form 433-A and attached earnings statements, bank

**[*5]** account statements, life insurance account statements, and investment account statements if petitioner wished to demonstrate financial hardship and have his accounts placed in currently not collectible (CNC) status; and (4) a completed Form 12277, Application for Withdrawal of Filed Form 668 (Y), Notice of Federal Tax Lien, if petitioner wanted respondent to consider petitioner's request to have the NFTL withdrawn.

On August 4, 2015, petitioner contacted the SO and requested and was granted an extension to provide the requested documents until August 25, 2015. On August 13, 2015, the SO told petitioner that he needed to increase his tax withholding to come into current payment compliance. Petitioner acknowledged this but told the SO that he could not afford to increase his withholding.

On August 25, 2015, petitioner provided the requested documents, except for the Form 656 OIC. On August 26, 2015, petitioner and respondent had a conference call. Petitioner told the SO that he would file a new OIC at a future date. The SO told petitioner that she needed substantiation for the expenses listed on petitioner's Form 433-A and that petitioner would be entitled to the lesser of the maximum local or national standards, or his actual expenses. Petitioner was granted an extension until September 14, 2015, to substantiate the expenses.

[*6]  On September 10, 2015, petitioner and the SO had a conference call. Petitioner told the SO that he had no withholding for the 2015 taxable year, and the SO advised petitioner that he was ineligible for a collection alternative if he was not in payment compliance.

On September 15, 2015, petitioner hand delivered documents to the SO to support his request to have his accounts placed in CNC status.

On October 14, 2015, respondent requested additional substantiation for out-of-pocket health care expenses, which petitioner agreed to provide by October 18, 2015.  The SO was informed on October 29, 2015, that petitioner had failed to provide the requested substantiation.

On November 6, 2015, the SO determined, from the documents petitioner provided, that his monthly income exceeded monthly expenses by $1,002.  On the same day, the SO sent petitioner a letter offering an installment agreement if petitioner provided proof that he was in current payment compliance and advising him that she was scheduling a conference call for December 4, 2015, to conclude the CDP hearing.

On December 3, 2015, the SO declined petitioner's request that the NFTL be withdrawn and on December 4, 2015, considered all issues petitioner raised at the CDP hearing.

**[\*7]**   On December 10, 2015, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, for the years in question, and petitioner timely petitioned this Court alleging:  (1) respondent erroneously determined that he was not eligible to have his accounts placed in CNC status; (2) respondent did not provide petitioner with sufficient time to submit documentation to the IRS Office of Appeals; and (3) respondent wrongfully determined that the lien should not be withdrawn.

Discussion

A.  Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials.  Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).  Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law.  FPL Grp., Inc. v. Commissioner, 116 T.C. 73, 74-75 (2001).  In deciding whether to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party.  Bond v. Commissioner, 100 T.C.

[*8] 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). On the basis of the record, we conclude that there is no genuine dispute of material fact and that a decision may be rendered as a matter of law.

B. Standard of Review

Petitioner does not challenge his underlying tax liabilities but challenges the administrative determination by respondent to sustain an NFTL to facilitate collection of petitioner's outstanding tax liabilities for the years in question. The Court reviews administrative determinations by the IRS Office of Appeals regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A determination is an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

[*9] C. Analysis

The determination of the IRS Office of Appeals must take into consideration: (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). Our review of the record establishes that the SO properly considered all of these factors when making her determination.

Petitioner contends that he is insolvent and therefore eligible to have his accounts placed in CNC status. To be eligible to have his accounts placed in CNC status, the taxpayer must demonstrate that, on the basis of his assets, equity, income, and expenses, he has no apparent ability to make payments on the outstanding tax liabilities. See Foley v. Commissioner, T.C. Memo. 2007-242, 94 T.C.M. (CCH) 210, 212 (2007). A taxpayer's ability to make payments is determined by calculating the excess of income over necessary living expenses. Internal Revenue Manual pt. 5.16.1.2 (Jan. 1, 2016). An SO does not abuse her discretion when she employs local and national standards to calculate the

**[\*10]** taxpayer's expenses and ability to pay.  See Friedman v. Commissioner, T.C. Memo. 2013-44, at \*10; Marks v. Commissioner, T.C. Memo. 2008-226, 2008 WL 4489075.  In reviewing for abuse of discretion, the Court does not substitute its judgment for that of the SO or recalculate the taxpayer's ability to pay.  See O'Donnell v. Commissioner, T.C. Memo. 2013-247, at \*15.

The SO determined petitioner's income on the basis of his Social Security benefits and pension payments.  Petitioner's living expenses were computed using the documents he provided and the national and local standards.  After reviewing this information, respondent determined that petitioner could make installment agreement payments of $1,002 per month.  Therefore, we find that the SO did not abuse her discretion in concluding that petitioner was not eligible to have his accounts placed in CNC status.

Petitioner contends that he was "rushed" to provide the documentation requested by the SO.  When the IRS Office of Appeals gives the taxpayer a specific timeframe to submit requested items, it is not an abuse of discretion to move ahead if the taxpayer fails to submit the requested items.  Pough v. Commissioner, 135 T.C. 344, 351 (2010); Glossop v. Commissioner, T.C. Memo. 2013-208, at \*17.  Further, an SO is not required to negotiate indefinitely or wait

[*11] any specific time before issuing a determination.  Kuretski v. Commissioner, T.C. Memo. 2012-262, at *11, aff'd, 755 F.3d 929 (D.C. Cir. 2014).

Petitioner has not pointed to any specific evidence that he felt rushed to provide, and it appears from the record that petitioner submitted all evidence that he felt was necessary.  Even if petitioner did not submit all evidence requested by the SO or that he felt was necessary, he was given adequate time.  The SO required petitioner to provide documents within a certain timeframe.  Petitioner requested and was granted multiple extensions from August through December 2015 to submit various documents.  The SO was not required to indefinitely wait for petitioner to be satisfied that he had provided all of the documents that he felt were necessary.  Therefore, we find that the SO did not abuse her discretion by concluding the CDP hearing on December 4, 2015.

Petitioner contends that respondent's filing of the NFTL was premature and not in accordance with proper administrative procedures because the NFTL was filed while an OIC was under consideration and before the end of the period to dispute the OIC's rejection.  In pertinent part, section 6323(j) provides that respondent may withdraw an NFTL if he determines:  (1) the filing of the NFTL was premature or not in accordance with administrative procedures; (2) the taxpayer entered into an installment agreement, unless the agreement provides

**[\*12]** otherwise; (3) the withdrawal will facilitate collection; or (4) with the taxpayer's consent the lien's withdrawal "would be in the best interests of the taxpayer * * * and the United States."

Respondent's filing of the NFTL was not premature, and it was filed in accordance with administrative procedures. Although the NFTL was filed on March 17, 2015, while petitioner's OIC was being reconsidered, respondent is not precluded from filing an NFTL while an OIC is being considered. Baltic v. Commissioner, 129 T.C. 178, 180 n.4 (2007); Taggart v. Commissioner, T.C. Memo. 2013-113, at \*15. Therefore, we find that respondent's filing of the NFTL was not premature.

Petitioner was not a party to an installment agreement with respondent when the NFTL was filed; and petitioner did not present any evidence that withdrawal of the NFTL would facilitate collection or be in the best interests of petitioner and the United States.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection action.

To reflect the foregoing,

An appropriate order and decision will be entered.