# United States Tax Court

T.C. Memo. 2025-40

SHIRLEY COLEMAN BURL,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 17306-23L.                              Filed May 5, 2025.

_____

Shirely Coleman Burl, pro se.

*Zachary T. King*, *Martha Jane Weber*, and *Christopher D. Bradley*, for respondent.

MEMORANDUM OPINION

LAUBER, *Judge*: In this collection due process (CDP) case petitioner seeks review pursuant to section 6330(d)(1)[1] of a Notice of Determination issued by the Internal Revenue Service (IRS or respondent). In that Notice the IRS Independent Office of Appeals (Appeals) declined to sustain a proposed levy because it agreed to place petitioner's account into currently not collectible (CNC) status. Respondent has filed a Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted, urging that petitioner has assigned "no justiciable error" to Appeals' decision not to sustain the levy. Agreeing with respondent, we will grant his Motion.

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

[*2]                              *Background*

The following facts are drawn from the parties' pleadings, respondent's Motion, and the certified administrative record of the CDP proceeding. Petitioner resided in Alabama when she petitioned this Court.

As of November 2021 petitioner had an unpaid Federal income tax liability of $1,642 for 2020. In an effort to collect that liability the IRS issued her, on November 1, 2021, a Notice of Intent to Seize Your Assets and Your Right to a Hearing. Petitioner timely requested a CDP hearing, stating that she was unable to pay the tax and requesting a collection alternative in the form of an installment agreement (IA). She did not challenge her underlying tax liability for 2020.

Petitioner's case was assigned to a settlement officer (SO) in Appeals, who verified that the tax for 2020 had been properly assessed and that other legal and administrative requirements had been met. On January 23, 2023, the SO sent petitioner a letter scheduling a telephone conference for March 21, 2023. Unable to reach petitioner at the scheduled time, the SO sent her a "last chance" letter, affording her another opportunity to provide the information the SO needed to consider petitioner's eligibility for a collection alternative. Petitioner left the SO a voice message in response to that letter, and a telephone conference was held on April 19, 2023. During that call petitioner indicated that she had no income apart from Social Security benefits and was unable to make any tax payments at that time.

On April 30, 2023, petitioner submitted a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals. The Form 433–A reported one bank account with a negative balance, cash of $150, vehicles worth $8,500, and monthly income of $1,587, consisting entirely of Social Security benefits.

Applying the IRS's national and local expense standards, the SO determined that petitioner had allowable monthly expenses of $2,095. Because the allowable expenses exceeded her monthly income by more than $500, the SO concluded that she was eligible for CNC status. On September 6, 2023, the SO mailed petitioner Form 12257, Summary Notice of Determination and Waiver of Judicial Review, indicating that her account would be placed in CNC status for 2020 and other periods with outstanding liabilities. The SO advised that she would issue a Notice of

**[*3]** Determination if petitioner did not return the Form 12257 by September 20, 2023.

Petitioner did not return the Form 12257 by that deadline or subsequently. The SO accordingly decided to close the case. On October 10, 2023, Appeals issued petitioner a Notice of Determination concluding that the proposed levy, though proper when made, would not be sustained.

Petitioner timely petitioned this Court in November 2023. She did not allege that Appeals had erred by declining to sustain the levy or by placing her account in CNC status. Rather, she asserted that she was in poor health, was entirely dependent on Social Security, and did not have "any extra money."[2]

On November 18, 2024, the case was called and recalled from the calendar at the Court's stand-alone remote session. Ms. Burl appeared at the recall, indicated that she was the sole caretaker for five grandchildren, and represented that she was having tax problems for years other than 2020. We explained that the Court's jurisdiction in this case is limited to tax year 2020, a year for which petitioner had received the relief she requested because Appeals agreed with her position that the proposed levy should not be sustained. Respondent's counsel agreed to put petitioner in touch with Legal Services Alabama, which offers assistance to lower income taxpayers in the Birmingham area.

On November 25, 2024, respondent filed a Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted. By Order served November 26, 2024, we directed petitioner to respond to the Motion by December 27, 2024. She did not respond by that date or subsequently.

*Discussion*

Petitioner requested a CDP hearing to dispute the proposed levy for 2020. This Court has jurisdiction to review the "determination" made by Appeals following a CDP hearing. *See* § 6330(d)(1). In this case

---

[2] In her Petition, petitioner checked boxes indicating that she was disputing, not only the Notice of Determination, but three other types of IRS notices, including a Notice of Deficiency and a notice regarding worker classification status. The IRS had not issued her any such notices. By Order served January 31, 2024, we granted respondent's Motion to Dismiss for Lack of Jurisdiction insofar as petitioner purported to dispute any IRS action apart from that embodied in the Notice of Determination.

[*4] the determination made by Appeals was that the proposed levy should not be sustained. Petitioner has thus received the relief she requested for tax year 2020.

Instead of sustaining the levy, the SO decided to place petitioner's account in CNC status. An account may be placed in CNC status if the taxpayer lacks the financial ability to discharge a tax liability without experiencing undue hardship. *See Siebert v. Commissioner*, T.C. Memo. 2021-34, 121 T.C.M. (CCH) 1229, 1236 (first citing *Foley v. Commissioner*, T.C. Memo. 2007-242, 94 T.C.M. (CCH) 210, 212; and then citing Internal Revenue Manual (IRM) 5.16.1.2.9(1) (Aug. 25, 2014)). Hardship exists if the taxpayer is unable to pay reasonable basic living expenses. *Margolis-Sellers v. Commissioner*, T.C. Memo. 2019-165, 118 T.C.M. (CCH) 488, 498; *see* IRM 5.16.1.2.9(1) (Apr. 13, 2021).

Using the applicable national and local standards, the SO determined that petitioner had monthly income of $1,587 and allowable monthly expenses of $2,095. Because the latter exceeded the former, the SO reasonably concluded that petitioner was eligible for CNC status. Far from disputing that conclusion, petitioner alleged in her Petition that she does not have "any extra money."

Petitioner proposed no other form of collection relief during the CDP hearing, and she does not dispute her underlying tax liability for 2020. The latter issue accordingly is not before us. *See* § 6330(c)(2)(B). Petitioner has represented that she needs assistance with tax liabilities for other years. But we are unable to consider collection alternatives for non-CDP years because petitioner did not propose a collection alternative that encompassed liabilities for both CDP and non-CDP years. *See Holley v. Commissioner*, T.C. Memo. 2024-54, at *7; *Sullivan v. Commissioner*, T.C. Memo. 2009-4, 97 T.C.M. (CCH) 1010, 1014–15.

In sum, petitioner has assigned no error to Appeals' determination, and she has received all the relief she requested for 2020, the only tax year over which we have jurisdiction. We will accordingly grant respondent's Motion to Dismiss for failure to state a cognizable claim for relief. That said, we sympathize with petitioner's predicament. She is free to submit to the IRS at any time, for its consideration and possible acceptance, a proposal for collection relief in the form of an offer-in-compromise or IA. She may find it useful to solicit assistance from Legal Services Alabama or another taxpayer assistance organization.

**[\*5]**   To reflect the foregoing,

*An appropriate order and decision will be entered.*