# United States Tax Court

T.C. Memo. 2025-119

ALPHONSUS E. OKOLI AND MARGARET E. OKOLI,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 6830-24L.                          Filed November 17, 2025.

—————

*Charles A. Ray, Jr.*, for petitioners.

*Peyton E. Reed* and *Matthew D. Lucey*, for respondent.

## MEMORANDUM OPINION

GUIDER, *Judge*: In this collection due process (CDP) case, petitioners, Alphonsus E. Okoli and Margaret E. Okoli, seek review pursuant to sections 6320(c) and 6330(d)(1)[1] of a determination by the Internal Revenue Service (IRS or respondent) Independent Office of Appeals (Appeals) to sustain Notices of Federal Tax Lien (NFTL) filings. The filings relate to petitioners' unpaid tax liabilities for 2011–13, 2015–20, and 2022 (years at issue). Respondent has filed a Motion for Summary Judgment (Motion) contending that this determination did not constitute an abuse of discretion. We agree and will grant the Motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are shown in U.S. dollars and rounded to the nearest dollar.

[*2]                              *Background*

The following facts are derived from the pleadings, the stipulated Administrative Record of the CDP hearing, the parties' Motion papers, respondent's Declarations with attached Exhibits, and other filings in this case. They are stated solely for the purpose of deciding respondent's Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Petitioners resided in Maryland when they timely petitioned this Court.[2]

## I.    *Petitioners' Tax Liabilities*

Petitioners filed their federal tax returns for the years at issue, but they did not report all their income for 2011, 2012, and 2015. Accordingly, respondent issued Notices of Deficiency to petitioners for taxable years 2011, 2012, and 2015. For the other years at issue, they did not make the required estimated tax payments or did not have enough withheld from their wages or salary. The IRS timely assessed petitioners' tax, plus additions to tax and interest. As of August 23, 2023, petitioners' total federal income tax liability was $282,154. Petitioners have not challenged their underlying liability.

## II.   *CDP Proceedings and Tax Court Petition*

On November 28, 2023, respondent sent petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, relating to tax years 2011–13, 2015–18, and 2022. This first lien notice included a copy of the NFTL for the corresponding years, which was filed on November 29, 2023. Also on November 28, 2023, respondent sent petitioners a Letter 3172 relating to tax years 2019 and 2020. This second lien notice included a copy of the NFTL for the corresponding years, which was filed on November 29, 2023.

Petitioners timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. Petitioners checked the boxes indicating that they were not liable for the tax the IRS was trying to collect, that they wanted the NFTLs withdrawn, and that they were currently unable to pay on account of financial hardship. On January 10, 2024, Settlement Officer Elanda M. Leguillow (SO Leguillow) sent petitioners a letter scheduling a telephone conference on February 14,

---

[2] Absent stipulation to the contrary, this case is thus appealable to the U.S. Court of Appeals for the Fourth Circuit. § 7482(b)(1)(G)(i), (2).

[*3] 2024, followed by a letter dated January 24, 2024, rescheduling the telephone conference to February 28, 2024. On February 14, 2024, petitioners' representative sent a letter to SO Leguillow enclosing Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and supporting financial documents. Petitioners proposed as a collection alternative a monthly installment agreement (IA) whereby they would pay $250 per month.

The telephone conference took place as scheduled on February 28, 2024, between SO Leguillow and petitioners' representative. The parties discussed the possibilities of a collection alternative, lien withdrawal, and first-time penalty abatement. SO Leguillow indicated that an ability to pay analysis would be completed no later than April 15, 2024. SO Leguillow gave petitioners' representative a deadline of March 13, 2024, to provide any documentation supporting a lien withdrawal. SO Leguillow informed petitioners that they did not meet the criteria for penalty abatement.

On March 11, 2024, Revenue Officer Sara Arya (RO Arya) reviewed petitioners' information and determined that petitioners could pay the liability in full from available assets, including sale of their real estate. As an alternative, RO Arya found that petitioners could pay a portion of their liability to qualify for a Streamlined IA with a minimum monthly payment of $2,262. On March 11, 2024, SO Leguillow mailed a copy of RO Arya's analysis to petitioners' representative and requested a response by March 26, 2024, with any disputes to that determination.

On March 25, 2024, petitioners' representative faxed SO Leguillow a letter requesting reconsideration of the denial of a collection alternative, enclosing a revised Form 433–A and documentation relating to the denial of home equity loan applications. SO Leguillow allowed some of the additional monthly expenses shown on the revised Form 433–A, but disallowed others for lack of substantiation. With the allowance of the additional expenses, petitioners' monthly payment on the IA would be reduced to $1,892, still far above petitioners' proposed $250. The SO disallowed the addition of five dependents (parents and adult children) because they did not meet eligibility requirements. Finally, the SO determined that petitioners did not meet the criteria for a lien withdrawal.

On April 10, 2024, the SO issued to petitioners a Notice of Determination sustaining the NFTL filings. Petitioners timely sought review in this Court on April 29, 2024. Petitioners alleged that the

**[\*4]** NFTLs did not meet all legal and procedural requirements and that the NFTLs were more intrusive than necessary to protect the Government's interest.

*Discussion*

I.   *Background*

When a person fails to pay any tax after the IRS demands payment, section 6321 automatically imposes a tax lien on the taxpayer's property and property rights. The lien is treated as arising from the time of assessment. *See* § 6322. To perfect this lien, the IRS must file an NFTL, generally in the county where the taxpayer's property is situated. *See* § 6323(a), (f)(1). Section 6320 requires the IRS to send notice to the taxpayer that it has filed the NFTL. *See* § 6320(a)(1) and (2). This notice must also inform the taxpayer of the taxpayer's right to request a hearing. *See* § 6320(a)(3)(B). At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the lien, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. *See* §§ 6320(c), 6330(c)(2). At the hearing, the taxpayer may also challenge the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. *See* §§ 6320(c), 6330(c)(2). The determination by an Appeals officer must take into consideration the relevant issues raised by the taxpayer, as well as verification that the requirements of any applicable law or administrative procedure have been met and whether any proposed collection action balances the need for the efficient collection of tax with the legitimate concern of the person that any collection action be no more intrusive than necessary. *See* §§ 6320(c), 6330(c)(3).

II.   *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant summary judgment when the movant shows that there no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *Sundstrand Corp.*, 98 T.C. at 520. In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.

**[\*5]** *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party, however, may not rest upon mere allegations or denials in his pleadings, but, rather, must set forth specific facts showing there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

III.    *Jurisdiction and Standard of Review*

The Court has jurisdiction to review appeals from the Commissioner's determinations in lien and levy actions. *See* §§ 6320(c), 6330(d)(1). Section 6330(d)(1) does not prescribe the standard of review that this Court is to apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are set forth in our precedents. Where the validity of the underlying tax liability is properly at issue, the Court reviews the determination regarding such liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the taxpayer's underlying liability is not properly in dispute, we review the IRS's determination for abuse of discretion only. *Goza*, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *See, e.g.*, *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006); *LG Kendrick, LLC v. Commissioner*, T.C. Memo. 2016-22, at \*11–12, *aff'd*, 684 F. App'x 744 (10th Cir. 2017). The Court does not consider matters raised after a hearing when deciding whether the Commissioner's determinations were an abuse of discretion. *Sego*, 114 T.C. at 612.

While petitioners checked the box on the Form 12153 indicating that they were not liable for the tax the IRS was trying to collect, it is clear from the administrative record, the Petition, and petitioners' own Opposition to the Motion for Summary Judgment (Opposition) that petitioners did not contest their underlying liability at the CDP hearing and do not contest it now. To preserve an underlying tax liability challenge, a taxpayer must properly raise that challenge during the CDP hearing. *See Thompson v. Commissioner*, 140 T.C. 173, 178 (2013); *Giamelli v. Commissioner*, 129 T.C. 107, 113–14 (2007). "An issue is not properly raised if the taxpayer fails . . . to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to [do so]." Treas. Reg. § 301.6330-1(f)(2), Q&A-F3; *see Giamelli*, 129 T.C. at 112–16. In this case petitioners did not present any evidence regarding their underlying tax liability at their CDP hearing and therefore did not properly challenge their underlying liability. Accordingly, our review is for abuse of discretion.

**[\*6] IV.** *Abuse of Discretion*

In deciding whether SO Leguillow abused her discretion, the Court considers whether she (1) properly verified that the requirements of applicable law or administrative procedure were met, (2) considered relevant issues petitioners raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." § 6330(c)(3); *see* § 6320(c). Our review of the record establishes that SO Leguillow properly discharged all her responsibilities under section 6330(c).

A.    *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011).

In their Opposition, petitioners argue that SO Leguillow did not properly verify that requirements of all administrative procedures were met and therefore the NFTL should be withdrawn. *See* § 6323(j)(1)(A) (providing for discretionary NFTL withdrawal if the notice was filed prematurely or not in accordance with administrative procedures). Respondent counters that managerial approval was not required. Respondent is correct. The *Internal Revenue Manual* (IRM) requires, e.g., managerial and other approval for "special condition" NFTLs, *see* IRM 5.12.7.6.5 (Apr. 22, 2019), but no such approval is required for NFTLs in general, IRS Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3421, 112 Stat. 685, 758; IRM 5.19.4.5.3.4 (Jan. 1, 2015). Petitioners' NFTL does not fall within the "special condition" category, so managerial approval was not required. Accordingly, because administrative procedures were properly followed, it was within SO Leguillow's discretion to deny petitioners' request for the withdrawal of the NFTL. *See* § 6323(j)(1)(A).

Petitioners have not otherwise challenged the verification requirement at any point in this case, and we conclude from the record that SO Leguillow verified that all requirements of applicable law and administrative procedure were met. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Rule 121(d).

**[\*7]** B.   *Issues Raised*

During the CDP hearing, SO Leguillow and petitioners' representative discussed several issues and explored them in subsequent correspondence. First, petitioners desired to have their account placed in currently not collectible (CNC) status. To be entitled to such relief, taxpayers must demonstrate, on the basis of their assets, equity, income, and expenses, that they have no apparent ability to make payments on their outstanding tax liabilities. *See Foley v. Commissioner*, T.C. Memo. 2007-242, 94 T.C.M. (CCH) 210, 212. An account may not be placed in CNC status if the taxpayer has income or equity in assets unless enforced collection would cause hardship. *See Siebert v. Commissioner*, T.C. Memo. 2021-34, at \*31 (citing IRM 5.16.1.2.9(1) (Aug. 25, 2014)). Hardship exists if the taxpayer is unable to pay reasonable, basic living expenses. *Margolis-Sellers v. Commissioner*, T.C. Memo. 2019-165, at \*44 (citing IRM 5.16.1.2.9(1) (Aug. 25, 2014)).

Petitioners sought an IA that would allow them to make a monthly payment of $250. However, on the basis of the Form 433–A and the revised Form 433–A they submitted, the IRS determined that petitioners could make a monthly payment of $2,262, later revised downward to $1,892. Additionally, as stated above, RO Arya concluded that petitioners could pay their entire liability from their currently available assets. In a conclusory fashion, petitioners contend that requiring them to sell their personal residence to satisfy their liability or enter into the IA proposed by Appeals would cause personal and financial hardship. But they presented no specific facts demonstrating that requiring an actual sale to either pay the liability or at least enter into an IA would result in their inability to pay reasonable, basic living expenses resulting in hardship. Therefore, SO Leguillow denied their requests for an IA and for placement of their account in CNC status.

Petitioners also contend that the IRS erred in failing to consider all the additional expenses included on the revised Form 433–A. On the contrary, SO Leguillow did make certain changes based on the revised Form 433–A but disallowed others where petitioners did not offer supporting documents or other evidence. Appeals may reasonably reject a proposed IA when a taxpayer does not timely submit relevant financial information. *See Orum v. Commissioner*, 123 T.C. 1, 13 (2004), *aff'd*, 412 F.3d 819 (7th Cir. 2005).

**[\*8]**    To the extent petitioners ask this Court to substitute its judgment for that of SO Leguillow with respect to these expenses, we decline to do so. Our review is for abuse of discretion, and petitioners have presented no evidence that SO Leguillow failed to act on information that was in fact submitted to her. "In reviewing for abuse of discretion the Court does not recalculate a taxpayer's ability to pay nor substitute its judgment for that of the settlement officer." *Boulware v. Commissioner*, T.C. Memo. 2014-80, at \*29, *aff'd*, 816 F.3d 133 (D.C. Cir. 2016) (citing *O'Donnell v. Commissioner*, T.C. Memo. 2013-247, at \*15). Further, this Court has routinely held that an Appeals officer does not abuse her discretion when she rejects an IA because a taxpayer refuses to liquidate assets to satisfy his tax liabilities. *Id.* at \*24.

Finally, at the CDP hearing, petitioners' representative raised the issue of first-time penalty abatement, to which SO Leguillow responded that they would not qualify because they had had the same penalties in the previous three years. Petitioners have not pursued this issue, and we find no abuse of discretion with respect to SO Leguillow's conclusion.

C.    *Balancing*

Petitioners contend that SO Leguillow did not balance the need for the efficient collection of taxes with their legitimate concern that any collection action be no more intrusive than necessary. Petitioners argue that SO Leguillow did not take into account their inability to access equity in their property. On the contrary, while it is true that petitioners seemed unable to access equity in their property, on the basis of the home equity line of credit denial letters, petitioners were unwilling to access that equity by even attempting a sale of the property.

Petitioners also claim SO Leguillow rejected an IA solely because petitioners had not made estimated tax payments for 2023, an obligation petitioners claim they did not have. However, it is clear from the Administrative Record that SO Leguillow did not reject petitioners' proposed IA solely because of any unpaid estimated tax. SO Leguillow rejected petitioners' proposed IA because of their ability to pay $2,262 per month (later revised to $1,892), according to the IRS's analysis, and petitioners' failure to substantiate the expenses claimed on their revised Form 433–A. The Administrative Record does not show that Appeals acted arbitrarily, capriciously, or without sound basis in fact or law. SO Leguillow attempted to work with petitioners, but they failed to substantiate their expenses or take steps that would have been

**[\*9]** necessary to reach an IA with a lower monthly payment as proposed by Appeals after its analysis of the revised Form 433–A. Appeals ultimately determined that the collection action balanced the need for the efficient collection of taxes with petitioners' legitimate concern that any collection action be no more intrusive than necessary.

## *Conclusion*

Finding no abuse of discretion, the Court will grant the Motion and sustain the determination by Appeals related to the collection action. This Court has considered all the arguments made by the parties, and to the extent they are not addressed herein, deems them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*